THE STATE OF OHIO, APPELLEE, *v.* RAWLINGS, APPELLANT.

(No. 4105—Decided February 2, 1973.)

*Mr. John M. Slavens,* for appellee.
*Mr. John W. Kessler,* for appellant.

KERNS, J. The defendant, Leroy Myron Rawlings, appellant herein, was sentenced to the Ohio Penitentiary by the Court of Common Pleas of Montgomery County. Prior to his conviction and before his conveyance to the peniten-

tiary, Rawlings was held in jail for about two hundred days because of his financial inability to post security for bail or to purchase a bail bond. After being sentenced, he filed a motion in the trial court requesting credit for the period of incarceration in the Montgomery County jail. The motion was overruled, and the order thereupon entered by the trial court provides the sole basis for this appeal.

The legal question thus engendered has been thoroughly treated by other courts. *Workman* v. *Cardwell,* 31 Ohio Misc. 99; *Mallory* v. *State,* 31 Ohio Misc. 113; *White* v. *Gilligan,* Civil Action 71-188, United States District Court, Southern District of Ohio. The tenor of these cases is summarized in the syllabus of *Mallory* as follows:

"1. Where an indigent prisoner spent time in jail prior to his conviction and also before his delivery to the penitentiary, due to his financial inability to post security for bail or to purchase a bail bond, he is entitled to have the time so spent in jail credited against the term of his sentence.

"2. The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States requires that all time spent in any jail prior to trial and commitment, by prisoners who were unable to make bail because of indigency, must be credited to his sentence."

But aside from any legalistic views, doesn't the real question involved here, when clothed in simplicity, revolve around whether one who is unable to make bail should pay a greater debt to society for the commission of the same crime than another who is financially able to demand his release prior to conviction?

Notwithstanding anything which may be implied from R. C. 2967.191 to the contrary, the question presented provides its own answer within the concept of the Fourteenth Amendment, and this unavoidable conclusion does not, as argued by the plaintiff, disturb the penalty provisions of any statute. It merely bears upon the computation of time.

Accordingly, the judgment will be reversed, and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

SHERER, P. J., and CRAWFORD, J., concur.