THE STATE OF OHIO, APPELLEE, *v.* SOLIS, APPELLANT.

(No. 72-656—Decided April 11, 1973.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Eugene P. Weiss,* for appellee.

*Mr. Roy F. Martin* and *Mr. Bernard Z. Yavitch,* for appellant.

*Per Curiam.* Dwight A. Solis was charged with having committed the offense of assault with intent to rob. Prior to indictment and the date he was transferred from the Franklin County jail to the Ohio Penitentiary to start serving time, he had spent 216 days in such confinement.

He appealed the judgment of conviction to the Court of Appeals on the sole theory that he should receive credit toward his sentence for the 216 days he was detained prior to conviction and sentence. The Court of Appeals has dismissed his appeal. That dismissal is before this court for review,[1][2] the court having allowed a motion for leave to appeal.

[1] In Amended Substitute House Bill No. 511 (Revision of the Ohio Criminal Code, filed in the office of the Secretary of State on December 22, 1972, effective March 23, 1973), the General Assembly amended R. C. 2967.191, which now provides: "The Adult Parole Authority shall reduce the minimum and maximum sentence of a prisoner by the total number of days the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced."

As a matter of policy, upon adequate information furnished by the detaining authority to the parole authority as to a defendant's confinement prior to conviction and sentence, the prisoner's sentence is credited with the time of such detention.

[2] The time of detention in county jail to be credited toward servitude in a penal institution can only be considered for such detention which arises out of the offense for which the defendant was convicted and sentenced.

The appellant's record at the penal institution where he is now confined indicates that he was considered for parole by the Adult Parole Authority on the above offense in January 1973. The Parole Authority continued his case for further consideration to January 1975.

The parole authorities have been notified by the sheriff of Franklin County of the time the defendant spent in Franklin County jail prior to conviction and sentence. Upon receipt of such information the Parole Authority gave the defendant credit for the 216 days so detained and advanced the date for the next consideration of his parole to June 1974.[3]

The defendant having received credit for the time spent in county jail, the question raised in the appeal before us is resolved and the issue is moot. The appeal is therefore dismissed.

*Appeal dismissed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[3]After the case was submitted to the court upon oral hearing, this information was furnished to this court, which was received and considered by this court as proof of facts as authorized in R. C. 5149.11.