THE STATE OF OHIO, APPELLANT, *v.* RAWLINGS, APPELLEE.

(No. 73-396—Decided December 12, 1973.)

*Mr. Lee C. Falke,* prosecuting attorney, *Mr. Randal A. Anderson, Jr.,* for appellant.

*Mr. John W. Kessler,* for appellee.

*Per Curiam.* Subsequent to the February 2, 1973, judgment of the Court of Appeals, but prior to that court's April 13, 1973, certification as a conflict case, R. C. 2967.191

was amended, effective, March 23, 1973. That statute, as amended, requires that "the adult parole authority shall reduce the minimum and maximum sentence of a prisoner by the total number of days the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced."

Appellee has advised this court that a certificate by the Montgomery County sheriff, dated June 12, 1973, has been furnished the Adult Parole Authority, setting forth the 198-day confinement credit to which he is entitled under amended R. C. 2967.191.

The issue of appellee's right to pre-sentence credit for jail time served, arising out of the offense for which he was convicted and sentenced, is therefore moot on authority of *State* v. *Solis* (April 11, 1973), 34 Ohio St. 2d 13. Although *Solis* was decided two days prior to the certification of this case by the Court of Appeals, that decision was not generally available until the April 23, 1973, issue of the Ohio Bar.

The statutory change mandating that pre-sentence jail time credit be given by the Adult Parole Authority, in effect, also moots the issue respecting a conflict with the *Summers* case, as well as the later case of *State* v. *Little* (May 10, 1973), 34 Ohio App. 2d 121, whose holding paralleled *Summers*.*

For the foregoing reason, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

*Rule 32.2(D) of the Ohio Rules of Criminal Procedure, effective July 1, 1973, is of additional interest, as it imposes upon trial courts the duty to "forward a statement of the number of days confinement which the defendant is entitled by law to have credited * * *."