McDUFFEY, Appellant,

v.

MOHR et al., Appellees.

[Cite as *McDuffey v. Mohr* (1991), 73 Ohio App.3d 191.]

Court of Appeals of Ohio,
Ross County.

No. 1715.

Decided April 18, 1991.

*Benjamin McDuffey*, pro se.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Gerald E. Dailey*, for appellees.

---

Harsha, Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas dismissing the complaint of Benjamin McDuffey, relator-appellant, for a writ of mandamus which sought to compel Gary Mohr, Superintendent of the Ross Correctional Institute, and an unnamed office clerk to observe a specific parole hearing date.

Appellant's sole assignment of error, designated as an "ARGUMENT" in his brief, asserts the following:

"It was an abuse of discretion for the common pleas court to dismiss the writ of mandamus that was filed by plaintiff-appellant, knowing in clear view that the writ stated a claim upon which relief could be granted, and the court further abusing its discretion in failing to file its findings of fact and conclusions of law with respect to the writ of mandamus."

In June 1990, McDuffey filed a mandamus action in the Ross County Court of Common Pleas which alleged that his parole hearing date had been "intentionally and maliciously" changed to a later date. McDuffey had originally been imprisoned on forgery charges in November 1989, for which he received a sentence of from two to five years. In February 1990, while in the state prison system, he was convicted and sentenced on separate theft charges, for which he received a sentence of from two to ten years. This latter sentence was to be served concurrently with the former. McDuffey's parole hearing date on the original confinement had been set for December 1990. However, upon his subsequent conviction and sentencing, he was informed that the parole hearing date had been changed to July 1991. In an effort to make the state comply with the original date, McDuffey filed both a complaint for writ of habeas corpus and a complaint for writ of mandamus. Dismissal of the mandamus action is the subject of this appeal.

Appellees filed a motion to dismiss the mandamus action on the grounds that McDuffey had filed an identical claim in the habeas corpus action. According to appellees, they had filed a motion in the habeas corpus proceeding which addressed McDuffey's claims. The motion to dismiss the mandamus action was upon "the basis of election of remedies, pendency of another action, and to avoid multiplicity of suits."

Appellees attached no copies of any of the pleadings in the habeas corpus action to support the motion for dismissal of the mandamus petition. The trial court subsequently granted appellees' motion to dismiss without stating the grounds upon which the dismissal rested. In their appellate brief, appellees argued that McDuffey was collaterally estopped from raising the same issues in the mandamus action because those issues were set forth and decided by the trial court in the habeas corpus action. *If* the trial court granted appellees' motion to dismiss the mandamus action on the basis of a previously filed habeas corpus action, it erred in doing so.[1] However, we further note that a reviewing court is not authorized to reverse a correct judgment merely because the rationale used in arriving at the decision was erroneous. *Joyce v. General Motors Corp.* (1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172, 174.

In order to establish entitlement to mandamus relief, the relator must show that he has a clear legal right to the relief prayed for, that the

---

1. While it is not designated as such, we construe appellees' motion to dismiss as one for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party; before a court may dismiss the complaint, it must appear beyond a doubt that the plaintiff can prove no set of facts warranting a recovery. *Bridges v. Natl. Engineering & Contracting Co.* (1990), 49 Ohio St.3d 108, 112, 551 N.E.2d 163, 167; *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into one for summary judgment under Civ.R. 56. *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784. Hence, the trial court could not consider any pleadings filed in any alleged habeas corpus action to suggest that either the mandamus action was subject to dismissal because of the pending habeas corpus action or that it was *res judicata* on those issues. See *Johnson v. Linder* (1984), 14 Ohio App.3d 412, 14 OBR 531, 471 N.E.2d 815; see, generally, 75 Ohio Jurisprudence 3d (1987) 142–143, Pleadings, Section 331. Finally, to the extent that appellees attempt to introduce such filings in the habeas corpus action as attachments to their appellate brief in the case at bar, we note that a reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. For the foregoing reasons, *if* the trial court granted appellees' Civ.R. 12(B)(6) motion to dismiss the mandamus action on the basis of *res judicata* by virtue of a previously filed habeas corpus action, it erred in doing so.

respondent is under a clear legal duty to perform the act requested, and that there is no plain and adequate remedy in the ordinary course of law. *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.* (1990), 56 Ohio St.3d 33, 34, 564 N.E.2d 86, 87. In the case at bar, McDuffey's complaint fails to establish a clear legal right to his prior parole eligibility date.

Ohio Adm.Code 5120–2–03 provides in pertinent part:

"(D) When multiple indefinite sentences are imposed to run concurrently, the prisoner shall be deemed to be serving an indefinite term, the minimum of which is the longest of such minimum terms and the maximum of which is the longest of such maximum terms. *If,* however, *the various sentences are subject to different amounts of reduction for jail-time credit* and/or are subject to different rates of diminution for time off for good behavior, *the prisoner becomes eligible for parole consideration after serving the longest diminished sentence.*" (Emphasis added.)

From the allegations of appellant's complaint, it is apparent that his two indefinite sentences were subject to different amounts of reduction for jail-time credit and that the change in his parole eligibility date was caused by the institution of his newer, longer indefinite sentence of two to ten years for his theft conviction. In light of Ohio Adm.Code 5120–2–03(D), even when construing all factual allegations of the complaint to be true, it is beyond doubt that appellant could prove no set of facts entitling him to mandamus relief. Furthermore, neither the warden nor a ministerial clerk is under a clear legal duty to perform the act requested. Parole dates are set by the Adult Parole Authority, not by the superintendent of a correctional institution or a clerk.

With respect to appellant's additional argument that the trial court failed to file findings of fact and conclusions of law, we note that the record does not indicate that McDuffey requested them. Alternatively, findings of fact and conclusions of law are not required in entries of dismissal under Civ.R. 12(B). See Civ.R. 52. Therefore, in that the trial court properly dismissed appellant's mandamus action, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent for the same reason I dissented in *Moss v. State* (Jan. 17, 1986), Ross App. No. 1135, unreported, 1986 WL 849. In my opinion, the failure to credit McDuffey with the full time spent in confinement on related charges for which he received concurrent sentences violates the equal protection guarantees of the United States and Ohio Constitutions.

In *Workman v. Cardwell* (N.D.Ohio 1972), 338 F.Supp. 893, the federal district court held the former Ohio scheme of discretionary credit for pretrial jail time unconstitutional under the Equal Protection Clause. The court reasoned as follows:

"The net effect of not crediting this petitioner with the time he spent in jail prior to trial results in the serving of a longer term in prison than he would have served had he been released on bail prior to trial * * *. Since indigency is the sole reason why the petitioner was in jail, fundamental fairness seems to require this Court's intervention." *Id.* at 899.

An Ohio court of appeals adopted the *Workman* standard in *State v. Rawlings* (1973), 34 Ohio App.2d 63, 63 O.O.2d 108, 295 N.E.2d 679, and reached the "unavoidable conclusion" that credit must be given for jail time. Before the Ohio Supreme Court could speak on the *Rawlings* decision, the legislature amended the statute, R.C. 2967.191, making such credits mandatory. *State v. Rawlings* was vacated as moot (1973), 36 Ohio St.2d 137, 65 O.O.2d 337, 304 N.E.2d 898.

But the statute does not address the situation in which, as here, technically separate periods of pretrial confinement are served on related charges which result in concurrent sentences. Applying the test of *Workman v. Cardwell, supra,* and *State v. Rawlings, supra,* I conclude there is an unconstitutional result. The Adult Parole Authority's rule requires that a person who did not make bail, or who made bail on only one charge, must serve more total time in confinement than a person able to post bail on both charges.

We cannot indiscriminately credit jail time for one offense to the sentence on another. *State v. Dawn* (1975), 45 Ohio App.2d 43, 74 O.O.2d 77, 340 N.E.2d 421. But where one defendant who does not make bail spends more time in jail than would an identically situated defendant who did make bail, the Constitution has been violated. *State v. Rawlings, supra.*

Sentence was imposed concurrently within the sound discretion of the trial court. Relator is denied the benefit of concurrent sentencing if his pretrial detention is not also considered to have been served concurrently toward both sentences. Because the Adult Parole Authority's action violates the Constitution, I must dissent.