OPINION
{¶ 1} Relator-appellant, James Nicholson, appeals a Marion County Common Pleas Court decision dismissing his action in mandamus against respondent-appellee, North Central Correctional Institution ("NCCI"), wherein he alleged that NCCI miscalculated his release date by failing to apply jail time credit in accordance with R.C. 2967.191. However, because declaratory judgment provides a plain and adequate remedy, we find that dismissal of the action was appropriate and, therefore, affirm the judgment of the trial court.
 {¶ 2} Facts and procedural circumstances pertinent to issues raised on appeal are as follows: Nicholson is currently serving consecutive sentences totaling a forty-month period of incarceration at NCCI in Marion, Ohio, as imposed by the Lucas County Common Pleas Court, upon judgments of conviction in four separate cases. Upon receiving notice of his calculated release date, Nicholson submitted an informal complaint to NCCI claiming that the calculation failed to apply jail time credit awarded by the sentencing court. In response, NCCI explained that an inmate is not entitled to duplicative credit when held concurrently on two or more charges.[1]
 {¶ 3} Thereafter, on July 12, 2002, Nicholson petitioned for a writ of mandamus in the Marion County Common Pleas Court, continuing to allege that NCCI had misapplied jail time credit awarded by the Lucas County Common Pleas Court. The court sua sponte dismissed the petition, finding that: "The Petitioner makes no claim of lack of jurisdiction of the sentence [sic] court. As stated in [R.C.] 2731.05, `a writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law.'" From the entry of dismissal Nicholson appeals, presenting a single assignment of error for our review.
 {¶ 4} Within the assigned error, Nicholson claims that Marion County was a proper forum for his mandamus action against NCCI. NCCI claims that Nicholson's failure "to state why the Lucas County Common Pleas Court, the sentencing court, lacks jurisdiction or why a remedy issued by that court would be inadequate" supports dismissal. NCCI further maintains that a declaratory judgment would provide a plain and adequate remedy in the ordinary course of the law, thereby precluding the mandamus action.
 {¶ 5} R.C. 2967.191 addresses the issue of reducing prison terms for related days of confinement, providing: "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." Credit must be granted for all time served in confinement.[2] While the sentencing court generally makes the factual determination as to the number of days that the prisoner was confined for any reason arising out of the subject offense, the Department of Rehabilitation and Correction ("DRC") is the body statutorily mandated to credit the time served and appropriately reduce the sentence.[3] In this regard, we note that Franklin County is generally recognized as the proper venue for actions challenging DRC determinations as to an inmate's release date or eligibility for parole.[4]
 {¶ 6} As an initial matter, it appears that the Marion County Common Pleas Court and NCCI may have misconstrued the nature of relief sought by Nicholson. As indicated above, the court dismissed the petition finding that Nicholson made "no claim of lack of jurisdiction of the sentence [sic] court." On appeal, NCCI contends that Nicholson "fails to acknowledge the jurisdiction of the sentencing court over his claim. Specifically, the sentencing court, having issued the order granting credit for time served in jail, is the court that would logically, in the ordinary course of the law, have jurisdiction to address challenges to its own orders, regardless of the institution where [Nicholson] is incarcerated." If Nicholson was in fact challenging the sentencing court's factual determination as to the number of days he was confined for any reason arising out of the subject offenses, mandamus would not lie because he had an adequate remedy at law by direct appeal.[5]
However, Nicholson `s petition does not contest the sentencing court's calculation, but instead contends that: "Respondent refuses to comply with the clear and unambiguous language set forth in these entries and has failed to credit the total amount of jail time credit calculated by the sentencing court." Therefore, the failure to bring the action in the trial court would not be appropriate grounds for dismissal. Moreover, even if the court's entry were somehow construed to be related to venue, the defense of improper venue had not been asserted.[6]
 {¶ 7} Nevertheless, we may not reverse a correct judgment merely because the rationale employed was erroneous.[7] "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."[8] In order to be entitled to extraordinary relief through a writ of mandamus, a relator must demonstrate that he has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that there exists no other plain and adequate remedy in the ordinary course of the law.[9] Even though a relator may establish a clear legal duty and clear legal right to relief, a writ of mandamus will not issue when there exists a plain and adequate alternative remedy.[10]
 {¶ 8} In this instance, declaratory judgment provides Nicholson a plain and adequate remedy in the ordinary course of the law through which to challenge the administration of sentence reduction for related days of confinement.[11] In this regard, the Marion County Common Pleas Court correctly noted that "`a writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law.' " Furthermore, as mentioned above, R.C. 2967.191 vests the duty to apply pretrial-confinement time credit solely with the DRC, rather than the correctional facility, its staff, or the sentencing court.[12]
Nicholson makes no claim that NCCI refuses to comply or has interfered with the DRC's administration of sentence reduction for related days of confinement. Therefore, although correctional facilities are sometimes owned and operated by the DRC, it is uncertain whether Nicholson could have demonstrated that NCCI had a clear legal duty to perform the requested act. Accordingly, Nicholson's assignment of error is hereby overruled.
 {¶ 9} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the Marion County Common Pleas Court is hereby affirmed.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] See, Pollock v. Ohio Adult Parole Authority (March 21, 2002), Franklin App. No. 01AP-839, 2002-Ohio-1319.
[2] State v. Fair (2000), 136 Ohio App.3d 184, 187-188.
[3] Id.; State v. Erlandsen (Sept. 19, 2002), Allen App. No. 1-02-46, 2002-Ohio-4884, ¶ 7.
[4] Ohio Const., Article IV, § 4; Civ.R. 3(B); Pollock, supra;Robertson v. Ohio Adult Parole Authority (Aug. 20, 2002), Franklin App. No. 01AP-1111, 2002-Ohio-4303, ¶ 26; State ex rel. Sansom v.Wilkinson (March 27, 2002), Cuyahoga App. No. 80743, 2002-Ohio-1385;State ex rel. Davis v. Ohio Adult Parole Authority (Aug 25, 2000), Portage App. No. 2000-P-0011, 2000 WL 1227298.
[5] State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426,427.
[6] State ex rel. Shead v. Morgan (Oct. 22, 1998), Cuyahoga App. No. 75122, fn. 1, citing Civ.R. 3(C), 12(B)(3), and 12(H).
[7] McDuffey v. Mohr (1991), 73 Ohio App.3d 191, 194, citing Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 96.
[8] R.C. 2731.01.
[9] State ex rel. Gaydosh v. Twinsburg (2001), 93 Ohio St.3d 576,578.
[10] Id.
[11] See, State ex rel. Earl v. Shafer (1999), 85 Ohio St.3d 370; Stateex rel. Yonkings v. Ohio Dept. of Rehabilitation and Correction (Oct. 28, 1993), Franklin App. No. 93AP-655, judgment affirmed by (1994),69 Ohio St.3d 70; Pollock v. Ohio Adult parole Authority (March 21, 2002), Franklin App. No. 01AP-839, 2002-Ohio-1319; Coleman v. Ohio Adult ParoleAuthority (Nov. 19, 1997), Ross App. No. 97CA2302.
[12] State ex rel. Jones v. O'Connor (1999), 84 Ohio St.3d 426, 427;State ex rel. Harrell v. Court of Common Pleas (1979),58 Ohio St.2d 193; State ex rel. Jenkins v. Zent (Jan. 19, 1993), Madison App. No. CA92-03-004.