DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} On November 20, 2008, Relator, Jimmy Norman, filed with this Court a petition for a writ of mandamus, seeking an order that compels Respondent, the Clerk of the Montgomery County Common Pleas Court, to disclose certain public records, pursuant to R.C. 149.43, that demonstrate an appeal has been filed and ruled upon in Norman's underlying criminal case, 2002-CR-1470. On December 16, 2008, Respondent filed a motion to dismiss the instant petition on the following grounds: 1) Relator has not demonstrated that he has a clear legal right to the performance of the act requested; 2) Relator has not complied with R.C. 2731.04, where he failed to caption *Page 2 
the petition in the name of the state on the relation of the person applying; 3) Relator did not comply with R.C. 2969.25, where he failed to file an affidavit with his petition that contains a description of each civil action or appeal of a civil action that he has filed in the previous five years in any state or federal court; and 4) Relator is barred by the doctrine of res judicata, as he filed an identical petition for a writ of mandamus in the trial court on August 21, 2008. To date, Relator has not filed a response to Respondent's motion. Upon due consideration, this Court finds Respondent's motion to dismiss well-taken.
 {¶ 2} Preliminarily, we note that Relator filed a notice of appeal on March 11, 2003 from the conviction and sentence in his underlying criminal case, 2002-CR-1470. This Court affirmed the judgment of the trial court on January 9, 2004. See State v. Norman, Montgomery App. No. 19811, 2004-Ohio-75.
 {¶ 3} On August 21, 2008, Relator filed a similar petition for a writ of mandamus in the trial court. In his complaint, Relator specifically asked for the following documents in order to determine whether a direct appeal of his criminal conviction had transpired: the docket sheet, any judgment entries, and the parties' briefs. On August 28, 2008, the trial court overruled Relator's petition.
 {¶ 4} A writ of mandamus is an extraordinary remedy that only applies in a limited set of circumstances. In re State ex rel. Watkins, Greene App. No. 07-CA-80, 2008-Ohio-3877, at ¶ 6, quoting Davenport v.Montgomery Cty., Montgomery App. No. 21196, 2006-Ohio-2909, at ¶ 4. To be entitled to the requested writ of mandamus, Norman must establish a clear legal right to having the clerk disclose the documents he *Page 3 
requests, a clear legal duty on the part of Respondent to provide said documents, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Blandin v. Beck, 114 Ohio St.3d 455, 2007-Ohio-4562,872 N.E.2d 1232, at ¶ 13.
 {¶ 5} In the present matter, this Court need not consider whether Norman has a clear legal right to demand the requested action by the clerk, or whether the clerk has a clear legal duty to perform. Ultimately, this Court finds that Norman had an adequate remedy in the ordinary course of law by way of an appeal from the trial court's August 28, 2008 decision and entry.
 {¶ 6} It is well established that an action in mandamus is not a substitute for an appeal. See State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 57, 63 O.O.2d 88, 295 N.E.2d 659. Here, Norman could have appealed from the trial court's August 28, 2008 entry denying his petition for writ of mandamus in that court. His failure to appeal that order precludes mandamus relief, as the appellate process was available. See State ex rel. Rittner v. Barber, Fulton App. No. F-05-020,2006-Ohio-592, at ¶ 40. Accordingly, we find that Relator has failed to make even a threshold showing that he is entitled to the relief requested.
 {¶ 7} Furthermore, as pointed out by Respondent, Norman has failed to comply with the requirements of R.C. 2731.04 and R.C. 2969.25. Under R.C. 2731.04, an "[application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." Relator's failure to properly caption his original action petition is grounds for denying the writ and dismissing the petition. Kenard v. Tucker, Montgomery App. No. 21378,2005-Ohio-6834, at ¶ 7, citing *Page 4 Maloney v. Court of Common Pleas of Allen Cty. (1962), 173 Ohio St. 226,19 O.O.2d 45, 181 N.E.2d 270.
 {¶ 8} R.C. 2969.25 provides, in part, that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The Supreme Court of Ohio has held that "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." State ex rel. Norris v.Giavasis, 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365, at ¶ 4; see, also, Watson v. Foley, Montgomery App. No. 20970, 2005-Ohio-2761, at ¶ 5. For these additional reasons, Relator's petition must be dismissed.
 {¶ 9} In conclusion, this Court finds that Norman has not demonstrated a sufficient basis to justify extraordinary relief. Accordingly, Respondent's motion to dismiss is hereby SUSTAINED. Norman's petition for a writ of mandamus is DENIED and this matter is DISMISSED.
SO ORDERED.
Copies to:
Walter F. Ruf Attorney for Respondent 301 W. Third Street, 5th Floor Dayton, Ohio 45422
Jimmy Norman, #445-581 Petitioner, Pro Se Lebanon Correctional Institution P.O. Box 56 Lebanon, Ohio 45036 *Page 1