[Cite as *State ex rel. Crenshaw v. Maple Hts. Police Dept.*, 2022-Ohio-3920.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE EX[] REL.[]       :
MARIAH CRENSHAW,
                        :
    Relator-Appellant,
                        :                No. 111335
    v.
                        :
CITY OF MAPLE HEIGHTS
POLICE DEPARTMENT,      :

    Respondent-Appellee.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 3, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-953964

---

### *Appearances:*

Mariah S. Crenshaw, *pro se.*

Consolo Law Firm Co., LPA, and Frank Consolo, City of
Maple Heights Law Director, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Relator-appellant Mariah Crenshaw appeals an order of the Cuyahoga County Court of Common Pleas dismissing her petition seeking mandamus relief, statutory damages, spoliation and forfeiture damages, fees and court costs under

R.C. 149.43 and 149.351. Crenshaw's petition relates to public-records requests she made to respondent-appellee the City of Maple Heights Police Department.

{¶ 2} On this appeal we must decide whether a court can dismiss a public-records mandamus petition under Civ.R. 12(B)(6) solely because the realtor had one similar petition previously dismissed for failure to properly caption the action in the name of the state on relation of the person applying. For the reasons that follow, we conclude that a court cannot do so and we, therefore, reverse the trial court's order dismissing Crenshaw's petition and remand this matter for further proceedings.

## I.    Factual and Procedural Background

### A. Crenshaw's Public Records Requests

{¶ 3} By letter addressed to the Maple Heights Police Department and dated June 12, 2019, Mariah Crenshaw requested various personnel and disciplinary records related to a former police officer pursuant to the Public Records Act, R.C. 149.43.

{¶ 4} By letter addressed to the "Chief Prosecutor for the City of Maple Heights" and dated June 15, 2019, Crenshaw requested the following two categories of records pursuant to R.C. 149.43:

> 1. All cease function letters from the Ohio Attorney General's Office Peace Officers [sic] Training Academy received between 2011 to 2018.

> 2. All reinstatement letters from the Ohio Attorney General Office Peace Officer's [sic] Training Academy received between 2011 to 2018.

**B. Crenshaw's First Petition for Mandamus**

{¶ 5} On February 14, 2020, Crenshaw filed a petition for a writ of mandamus in the Cuyahoga County Court of Common Pleas. Cuyahoga C.P. No. CV-20-929426. In the petition, she sought a writ of mandamus to the City of Maple Heights Police Department (the "City") compelling it to provide the public records she had requested; she also sought damages. Her petition was captioned "Mariah Crenshaw Vs City of Maple Heights Police Department." The City filed an answer to the petition on March 18, 2020.

{¶ 6} On January 22, 2021, the City moved to dismiss the petition for lack of subject-matter jurisdiction, arguing that Crenshaw had improperly captioned the petition by failing to bring the petition in the name of the state.[1]

{¶ 7} On September 30, 2021, the trial court granted the motion to dismiss. In its journal entry, the trial court set forth the following reasoning:

> R.C. 2731.04 requires that an application for a writ of mandamus must be by petition, in the name of the state on the relation of the person applying. This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition.

---

[1] Crenshaw's first petition, the City's motion to dismiss it and the trial court's dismissal order are not in the appellate record, but these documents are publicly accessible court records available from the clerk of courts through the internet. Moreover, the City requested that the trial court review these documents in ruling on its motion to dismiss Crenshaw's second petition and Crenshaw requests that we reverse the trial court's dismissal of the first petition in this appeal. We, therefore, may properly take judicial notice of these documents. *See, e.g., State v. Bradford*, 2017-Ohio-3003, 91 N.E.3d 10, ¶ 3, fn.1, 19 (4th Dist.); *Draughon v. Jenkins*, 4th Dist. Ross No. 16CA3528, 2016-Ohio-5364, ¶ 26 ("[B]oth the trial court and this court can take judicial notice of [appellant's] prior appellate cases, which are readily accessible on the internet."); *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8, 10 (court can take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet).

*Brewer v. Cleveland Mun. School Dist.*, 8th Dist. Cuyahoga No. 84759, 2004-Ohio-2967.

{¶ 8} Crenshaw did not appeal the order dismissing her first petition.

## C. Crenshaw's Second Petition for Mandamus and Her Appeal

{¶ 9} On October 5, 2021, Crenshaw filed a petition for a writ of mandamus in the Cuyahoga County Court of Common Pleas, in which she sought to have a writ of mandamus issue to the City of Maple Heights Police Department compelling it to provide the same public records she had requested in her first petition. Cuyahoga C.P. No. CV-21-953964. As in her first petition, she also sought damages, costs and fees. Her second petition was captioned "State ex. rel., Mariah Crenshaw Vs City of Maple Heights Police Department."[2]

{¶ 10} In lieu of an answer, the City moved to dismiss the petition, arguing that Crenshaw "had an adequate remedy in the ordinary course of the law" because she could have (1) sought leave to amend her first petition to correct the case caption or (2) appealed from the trial court's dismissal of her first petition.

{¶ 11} The trial court granted the motion, reasoning as follows:

[Crenshaw] previously filed a petition for writ of mandamus * * *. This court dismissed that case for failure to comply with the subject matter jurisdiction requirements of R.C. 2731.04. [Crenshaw] then filed this action seeking the exact same public records. [Crenshaw] had an adequate remedy in the ordinary course of law by way of an appeal from

---

[2] Crenshaw's caption erroneously includes a period after "ex" in the abbreviated phrase "ex rel." As a result, the original caption of this case on appeal retained that error. "Ex rel." is an abbreviation of the Latin phrase "*ex relatione*," and thus there should be no period after "ex" in the caption. The original caption also erroneously included a comma. We have corrected these errors in the case caption.

this court's decision * * *; however she instead filed this action. *See*[] *State v. Norman*, 2d Dist. Montgomery No. 23106, 2009-Ohio-165.

Accordingly, this matter is hereby dismissed.

{¶ 12} Crenshaw appealed, raising the following two assignments of error for review:

First Assignment of Error: The trial court abused its discretion in dismissing the original action in mandamus.

Second Assignment of Error: [The] trial court erred in dismissing the mandamus a second time with corrections to comply with [R.C.] 2731.04 per the original court's dismissal entry without regard to the merits of the case.

## II. Law and Analysis

### A. First Assignment of Error

{¶ 13} Crenshaw contends that the trial court erred in dismissing her first mandamus petition.[3] We cannot consider the merits of this assignment of error because Crenshaw did not timely appeal the trial court's September 30, 2021 order dismissing her first petition.

{¶ 14} Further, the notice of appeal in this case reflects only the case number of the second petition and the journal entry for that case from which Crenshaw now appeals.

{¶ 15} We, therefore, overrule Crenshaw's first assignment of error.

---

[3] Cuyahoga C.P. No. CV-20-929426.

## B. Second Assignment of Error

{¶ 16} Crenshaw contends that the trial court erred in dismissing her second mandamus petition.[4] She argues that the trial court's dismissal of her first petition was without prejudice. She says that appealing that dismissal would have been futile because the dismissal was proper based on a "fatal error" in the case caption. We agree that the court erred in dismissing her second petition.

{¶ 17} Preliminarily, we note that the City did not cite any rule of civil procedure in its motion to dismiss the second petition; the trial court did not cite any rule of civil procedure in its dismissal order, either. We construe the City's motion as a motion to dismiss for failure to state a claim.

{¶ 18} The City, prior to answering the petition, challenged whether Crenshaw could satisfy what the City says is one of the necessary elements for the relief she seeks. Therefore, we construe the City's motion as a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). *See State ex rel. Rice v. Wolaver*, 2d Dist. Greene No. 2015 CA 0031, 2016-Ohio-320, ¶ 3 (construing a motion to dismiss a mandamus petition on the grounds that an adequate remedy exists as a Civ.R. 12(B)(6) motion); *State ex rel. Steinle v. Dewey*, 6th Dist. Sandusky No. S-15-016, 2015-Ohio-3618, ¶ 6 (construing a motion to dismiss a mandamus petition as a Civ.R. 12(B)(6) motion); *McDuffey v. Mohr*, 73 Ohio App.3d 191, 194, fn.1, 596 N.E.2d 1068 (4th Dist.1991) (same).

---

[4] Cuyahoga C.P. No. CV-21-953964.

{¶ 19} We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." (Citation omitted.) *NorthPoint Properties, Inc. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.), quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

{¶ 20} Here, the City's sole contention in support of its motion to dismiss was that Crenshaw "had an adequate remedy in the ordinary course of the law" because she could have (1) sought leave to amend her first petition to correct the case caption prior to dismissal or (2) appealed from the trial court's dismissal of her first petition. The City's sole argument on appeal is that the trial court was correct to dismiss the petition on that basis. We need not consider any evidence outside the petition to consider the motion because, in relevant part, Crenshaw alleged in her petition that she previously sought mandamus to obtain these alleged public records and that the trial court dismissed her first petition because she failed to caption it in the name of the state.

{¶ 21} Mandamus is a writ that is issued in the name of the state. *See* R.C. 2731.01. Therefore, when a person requests that a court issue a writ of mandamus, their "[a]pplication for the writ * * * must be by petition, *in the name of the state on the relation of the person applying * * *.*" (Emphasis added.) R.C. 2731.04; *see also State ex rel. Huston v. Commrs. of Perry Cty.*, 5 Ohio St. 497, 502 (1856) ("In the United States [the writ] has always been issued in the name of the sovereignty by which it has been authorized. * * * From the nature of the remedy, this suit, then, is properly prosecuted in the name of the State.").

{¶ 22} The City characterizes this requirement as jurisdictional, but that is not correct; the requirement is not jurisdictional. *See Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 15. A failure to properly bring a mandamus action in the name of the state is a waivable defect. *See id.* at ¶ 13; *see also Peterbilt of Northwest Ohio v. Caltrider*, 3d Dist. Hancock No. 5-99-42, 2000 Ohio App. LEXIS 249, 8-9 (Jan. 31, 2000); *Smithberger v. Woodsfield*, 7th Dist. Monroe No. 565, 1983 Ohio App. LEXIS 14209, 2–3 (June 10, 1983).

{¶ 23} Nevertheless, where an objection to the defect is raised — as here — a realtor's failure to seek leave to correct the caption is grounds for dismissal of the mandamus action. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 36; *see also Nikooyi v. Cuyahoga Cty. Prosecuting Dept.*, 8th Dist. Cuyahoga No. 109716, 2020-Ohio-3730, ¶ 7. A dismissal on this basis is not on the merits; it is based on a pleading deficiency. *See Blankenship* at ¶ 35 ("[W]hen

a failure to comply with R.C. 2731.04 is raised * * * we have granted leave to amend so as to resolve cases on the merits rather than on a pleading deficiency.").

{¶ 24} The question in this appeal is what effect such a dismissal has on a subsequent public-records mandamus petition that corrects the pleading deficiency.

{¶ 25} The City argues that if a public-records mandamus realtor fails to correct their first petition after an objection is raised, and if the trial court ultimately dismisses the first petition as defective, then the realtor's recourse is to appeal. According to the City, if the realtor does not appeal then they cannot bring a subsequent petition correcting the caption. In support of its argument, the City points to an opinion from a panel of the Second District Court of Appeals — *Norman*, 2d Dist. Montgomery No. 23106, 2009-Ohio-165.

{¶ 26} In *Norman*, a litigant filed a petition for a writ of mandamus in the trial court seeking records from a criminal case in which he was a defendant. *Norman* at ¶ 3. The trial court denied the petition and the litigant filed a similar petition for mandamus in the court of appeals. *Id*. at ¶ 1-3. The court of appeals dismissed the second petition based on several fatal defects, including that the litigant had failed to appeal the denial of his first petition. *Id*. at ¶ 5. The court reasoned that "an action in mandamus is not a substitute for an appeal" and therefore, the litigant's failure to appeal the trial court's denial of his first petition precluded mandamus relief. *Id*. at ¶ 6.

{¶ 27} We find *Norman* to be distinguishable. First, the litigant's second petition in *Norman* contained several fatal defects, including that it was incorrectly

captioned. *Id.* at ¶ 8-9. Therefore, the fact that the litigant failed to appeal was an alternative basis for dismissal of his second petition. Here, the trial court's sole basis for dismissing Crenshaw's second petition is that she did not appeal the dismissal of her first petition. Second, it is not clear on what basis the trial court in *Norman* denied the litigant's first petition, that is to say whether the denial was based on a failure to properly caption the petition or whether the denial was on the merits. Here, the trial court's first dismissal was based solely on the incorrect case caption and its second dismissal was based on its first dismissal and Crenshaw's decision not to appeal.

{¶ 28} With due respect to, and after consideration of, the nonbinding conclusion reached in *Norman,* we conclude that a court cannot dismiss a petition for a writ of mandamus seeking public records pursuant to the Public Records Act solely because one similar petition was previously dismissed for failure to bring the action in the name of the state on relation of the person applying.

{¶ 29} The requisites for mandamus are well established. In most circumstances, they are: (1) the realtor must establish a clear legal right to the requested relief; (2) the realtor must establish that the respondent is under a clear legal duty to perform the requested act and (3) the realtor possesses no other adequate remedy in the ordinary course of the law. *E.g., State ex rel. Ney v. Niehaus,* 33 Ohio St.3d 118, 118-119, 515 N.E.2d 914 (1987).

{¶ 30} The City, relying on these requisites, argues that Crenshaw had an "adequate remedy in the ordinary course of the law" because she could have moved

for leave to amend her first petition when the defect was raised and because she could have appealed the trial court's dismissal of that petition. The trial court seems to have agreed, dismissing Crenshaw's second petition because she "had an adequate remedy in the ordinary course of law by way of an appeal from this court's decision * * *."

{¶ 31} The problem with the trial court's reasoning and the City's argument is that public-records mandamus actions are different than other mandamus actions in that "'[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of the law.'" *State ex rel. Data Trace Information Servs., LLC v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24. This is so because the Public Records Act provides that mandamus *is the appropriate remedy* to compel compliance with the Act. *State ex rel. Data Trace Information Servs.* at ¶ 25; R.C. 149.43(C)(1).

{¶ 32} Therefore, whether Crenshaw had an adequate remedy in the ordinary course of the law is not an issue as it relates to her second petition. *See State ex rel. Crenshaw v. King*, 8th Dist. Cuyahoga No. 111093, 2021-Ohio-4433, ¶ 16. Because Crenshaw need not demonstrate a lack of an adequate remedy in this

public-records action, it was error for the trial court to dismiss her petition for failure to do so.[5]

{¶ 33} Our finding of error does not end the inquiry, as "a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason." *E.g.*, *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 15. A judgment that "'achieves the right result for the wrong reason'" is not prejudicial and will be affirmed. *O'Neal v. State*, 2020-Ohio-506, 146 N.E.3d 605, ¶ 20 (10th Dist.), quoting *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846 fn.3, 732 N.E.2d 485 (6th Dist.1999).

{¶ 34} Here, though, the City has offered us no alternative basis upon which the court's dismissal can be affirmed. We have independently reviewed Crenshaw's petition during our de novo review. At this very early stage of the proceedings, accepting all factual allegations as true and drawing all reasonable inferences in Crenshaw's favor, and where the City has not alleged any other deficiency in the petition and Crenshaw has not had an opportunity to respond to any such claimed deficiency, we cannot say that it is "'beyond doubt'" that she can prove no set of facts entitling her to relief. *Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, at ¶ 47, quoting *Grey*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, at ¶ 3.

---

[5] We need not consider in this appeal whether, in contexts other than the Public Records Act, the ability to seek leave to correct a mandamus petition's caption or to appeal a dismissal for failure to properly caption a mandamus petition present an "adequate remedy" precluding relief by way of a subsequent, similar petition that corrects the pleading deficiency.

{¶ 35} We therefore sustain Crenshaw's second assignment of error.

## III. Conclusion

{¶ 36} Having sustained Crenshaw's second assignment of error for the reasons stated above, we reverse the trial court's dismissal of Crenshaw's mandamus petition in Case No. CV-21-953964 and remand this matter for further proceedings consistent with this opinion.

It is ordered that the realtor-appellant recover from the respondent-appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., and
GENE A. ZMUDA, J.,* CONCUR

*(Sitting by assignment: Gene A. Zmuda, J., of the Sixth District Court of Appeals.)