OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court, Appellant State of Ohio's brief and its oral argument to this court. Appellee did not file a brief in this matter. The State has challenged the decision of the Mahoning County Court of Common Pleas to credit Appellee Brent Furrie with time served prior to being convicted of a firearm specification. The issue we must resolve is whether jail time credit may be applied to a mandatory prison term imposed for a gun specification. Because the applicable statute prohibits any reduction of a mandatory sentence, we conclude that the trial court improperly applied jail time credit to Furrie's sentence for the gun specification. Accordingly, the trial court's judgment entry is modified so that the time served by Furrie prior to his conviction is credited to his prison term for the underlying offense of felonious assault rather than the firearm specification.
 Facts {¶ 2} On January 20, 2004, Brent Furrie was sentenced to seven years in prison after being convicted of one count of Attempted Felonious Assault, a felony of the third degree with a firearm specification pursuant to R.C. 2941.145(A) and one count of Attempted Improper Discharge of a Firearm at or into a Habitation, also a felony of the third degree, and also containing an accompanying firearm specification pursuant to R.C.2941.145(A).
 {¶ 3} The trial court imposed four years on both counts, to be served concurrently to one another. The court then concluded that the firearm specifications on both counts merged. This merger resulted in a three year sentence for the specifications to be served prior to and consecutive to the sentence imposed for the underlying charges. Finally, the court ordered "[c]redit for time already served of 261 days shall be applied to the total sentence with 105 days of the credit applied to the firearm specification of three (3) years."
 Jail Time Credit on Gun Specification {¶ 4} As its sole assignment of error, the State argues:
 {¶ 5} "The trial court erred in granting jail-time credit on a term of incarceration imposed for a firearm specification, which, by law, carries a mandatory prison term."
 {¶ 6} As the State correctly notes in its brief, R.C.2929.14(D) addresses a trial court's duties at sentencing regarding firearm specifications. The relevant portion of that statute, subsection (D)(1)(b), states that if a term of incarceration is imposed for a firearm specification, it "shall not be reduced pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967 or Chapter 5120 of the Revised Code."
 {¶ 7} Accordingly, the State argues that R.C. 2967.191, the provision dealing with credit for confinement awaiting trial and commitment, jail-time credit, should not and cannot be properly applied to firearm specifications. The State has provided no caselaw supporting this contention as it appears this might be a case of first impression in Ohio.
 {¶ 8} However, the State does argue that a review of other statutes demonstrates that the legislature intended for a person serving time for a firearm specification must do so in prison, as opposed to other forms of incarceration like jail. For example, the State cites to R.C. 2929.14(D)(1)(a) which mandates that a trial court "shall" impose a "prison term." The State then emphasizes that this type of prison term is described as "mandatory."
 {¶ 9} Notably, however, other statute sections tend to suggest that jail-time credit may be applied to mandatory prison terms. For example, pursuant to R.C. 2929.01(GG):
 {¶ 10} "`Stated prison term' means the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section2929.14 or 2971.03 of the Revised Code. `Stated prison term' includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or house arrest with electronic monitoring imposed after earning credits pursuant to section 2967.193 of the Revised Code."
 {¶ 11} Moreover, the statute in question states that the mandatory sentence may not be reduced by R.C. 2929.20, R.C.2967.193, 5120, or any other provisions in those chapters. However, those specific statutes, and almost the entire remainder of those chapters, deal with things like judicial release, parole, and reduction of sentence for participation in certain programs. In other words, those chapters deal mainly with the actual reduction or shortening of sentences.
 {¶ 12} We are tempted to distinguish jail time credit from the other forms of sentence reduction listed in the statute and conclude that credit for time served is simply that — credit. This reading of the statute seems to make more practical sense. However, since the language in the statute explicitly states that no provision in Chapter 2967 of the Revised Code shall be applied to the mandatory prison term, we have no choice but to accept the arguments of the prosecution and modify the journal entry to show that all jail time credit will be applied to the non-mandatory portion of the prison sentence.
 {¶ 13} Accordingly, Appellant's sole assignment of error is meritorious and the judgment of the trial court is modified to reflect that the time served by Furrie prior to his conviction is credited to his prison term for the underlying offense of felonious assault.
Waite, P.J., concurs.
Vukovich, J., concurs.