[Cite as *In re J.W.*, 2011-Ohio-6706.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:                                                :

                          :       Appellate Case No. 24507

    J.W., JR.                      :

                          :       Trial Court Case Nos. JC 2010-10161
                          :                                JC 2010-10162
                          :

                          :

                          :       (Appeal from Montgomery County
                          :        Juvenile Court)

                          :

              . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

MATHIAS H. HECK, JR., by R. CARLEY J. INGRAM, Atty. Reg. #0020084,
Montgomery County Prosecutor's Office, Appellate Division, Montgomery County
Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorneys for Appellee

JOHN S. PINARD, Atty. Reg. #0085567, 703 Liberty Tower, 120 West Second
Street, Dayton, Ohio 45402
      Attorney for Appellant

. . . . . . . . .

HALL, J.

{¶ 1} In Montgomery County Juvenile Court case number 2010-10161, a complaint was filed alleging J.W. was a delinquent child by virtue of having committed Aggravated Robbery. The complaint included a firearm specification. At

the time the complaint was filed, the defendant was fifteen years old. On January 4, 2011, the defendant admitted responsibility for the charge and the specification. In addition, the defendant admitted responsibility for a complaint of Robbery in case number 2010-10162. In exchange for the admissions, case number 2010-10160, also charging Aggravated Robbery with a firearm specification, was dismissed. T. 3-4. The transcript of the plea hearing contains a complete review of the juvenile's constitutional rights and the penalties that he was facing, including the mandatory nature of the firearm specification. The court made findings that J.W. understood and voluntarily waived his constitutional rights; that he understood the plea agreement, the penalties involved, and the factual basis for the cases. The court found him to be delinquent, ordered a formal review by the probation department, and scheduled the case for sentencing.

{¶ 2} On January 18, 2011, the case was set for final disposition. The court had reviewed the report from the probation department. T. 4. J.W.'s counsel and his mother spoke on his behalf. The court's Order of Disposition filed January 19, 2011 made appropriate findings and committed J.W. to the Department of Youth Services for confinement of a mandatory three years for the gun specification, prior to serving a minimum of one year, and a maximum up to J.W.'s attainment of age twenty-one.

{¶ 3} Although the transcripts of proceedings indicate that the court ordered a sentence of one year on the companion robbery case, to be served concurrently with the aggravated robbery with the firearm specification, that case was not appealed and therefore is not before us.

{¶ 4} J.W.'s appointed appellate counsel filed a brief pursuant to *Anders v.*

*California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any non-frivolous issue for our review. The *Anders* brief raises a potential issue as to whether the sentence appellant received is "so harsh and arbitrary as to constitute an abuse of discretion." Brief at 2.  After the filing of the *Anders* brief, by order filed July 20, 2011, we notified the appellant of the opportunity to file a pro se brief within sixty days of the order. On July 25, 2011, appellate counsel filed a Motion to Withdraw as counsel and a request to grant appellant additional time to obtain private counsel and/or to file a pro se brief. Because we believe our July 20, 2011 order granted the appellant more than sufficient time, we will not address counsel's request further. J.W. has not filed a brief or other request of his own.

{¶ 5}  If a juvenile is found responsible for a firearm specification of the type listed in the complaint in this case, "the court *shall* commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years, and the court *also shall* commit the child to the department for the underlying delinquent act under sections 2152.11 to 2152.16 of the Revised Code." R.C. 2152.17(A)(2) (Emphasis added). Therefore, commitment to DYS was required. The only element of discretion for the court to exercise was the number of years selected for the firearm specification.

{¶ 6}  If we were to believe the sentence should be reviewed, our standard would be the abuse of discretion standard. "The order of disposition in a juvenile case is a matter within the court's discretion." *State v. Matha* (1995), 107 Ohio App.3d 756, 760.The Supreme Court has repeatedly held the phrase "abuse of discretion" means the decision of the trial court was unreasonable, arbitrary, or

unconscionable. See, e.g., *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶ 7} Under the circumstances of this case, the disposition ordered by the trial court, specifically the selection of the three-year commitment for the firearm specification, is within the statutory range of choices and does not remotely approach an abuse of discretion. Furthermore, we have conducted our independent review of the record and have found no potential assignments of error having arguable merit.

{¶ 8} Counsel's request to withdraw from further representation is granted, and the judgment of the Montgomery County Juvenile Court is affirmed.

. . . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
John S. Pinard
J.W., Jr.
Hon. Anthony Capizzi