[Cite as *In re D. P.*, 2014-Ohio-467.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.P. | : | APPEAL NO. C-130293 |
| | | C-130298 |
| | | TRIAL NO. 13-487z |
| | : | |
| | | *O P I N I O N.* |

Criminal Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  February 12, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Gordon C. Magella*, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1}   Appellant the state of Ohio appeals the judgment of the Hamilton County Juvenile Court placing a juvenile on probation and ordering him to attend a residential training school.

### The Delinquency Adjudication and Disposition

{¶2}   On January 16, 2013, the state alleged that defendant-appellee, D.P., a juvenile, had engaged in conduct that would have constituted aggravated robbery, with firearm specifications, had he been an adult.   The state subsequently filed a motion for the trial court to relinquish jurisdiction and bind the case over to the general division of the common pleas court.   The trial court denied that motion and retained jurisdiction over the matter.

{¶3}   The case proceeded to a trial before a magistrate, who found D.P. delinquent with respect to the aggravated-robbery charge and the specifications. In his decision, the magistrate specifically found that D.P. had possessed a firearm and had pointed the firearm at the victim to facilitate the aggravated robbery.   D.P. did not file objections to the magistrate's decision.

{¶4}   After the case had been referred to the trial judge for disposition, D.P. filed a motion to dismiss the firearm specifications, contending that dismissal was in his best interest and in the best interest of the community under Juv.R. 29(F)(2)(d).

{¶5}   The trial court denied D.P.'s motion to dismiss the firearm-possession specification.   The court placed D.P. on probation and ordered him to attend a residential program at Hillcrest School.   But it held the motion to dismiss the facilitation specification in abeyance to assess D.P.'s performance in the Hillcrest program.

{¶6}   In two related assignments of error, the state argues that the trial court erred in failing to commit D.P. to the Department of Youth Services ("DYS") for the facilitation specification.  The state contends that the court's disposition was tantamount to a dismissal of the facilitation specification and that dismissal was not within the court's discretion.

### Juv.R. 29 and Statutory Limits on Disposition

{¶7}   We find the state's assignments of error to be well taken.  Juv.R. 29(F)(2)(d) provides that, if the allegations of the complaint are admitted or proven, the juvenile court may "[d]ismiss the complaint if dismissal is in the best interest of the child and the community."  But this discretion to dismiss is explicitly limited to those cases in which dismissal is not "precluded by statute." Juv.R. 29(F)(2).

> {¶8}   R.C. 2152.17(A)(2) provides that, if the juvenile, were he an adult: would be guilty of a specification of the type set forth in section 2941.145 of the Revised Code * * *, the court *shall* commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years, and the court shall also commit the child to the department for the underlying delinquent act under sections 2152.11 to 2152.16 of the Revised Code.

(Emphasis added.)  R.C. 2941.145, in turn, sets forth the specification that the offender had a firearm on his person while committing the offense "and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."  Thus, under the plain language of R.C. 2152.17(A)(2), the juvenile court is required to commit the child to DYS following an adjudication for a facilitation specification.

{¶9} Other courts construing R.C. 2152.17(A)(2) have held that the statute's terms are mandatory. *In re J.W.,* 2d Dist. Montgomery No. 24507, 2011-Ohio-6706; *In re J.M.,* 8th Dist. Cuyahoga No. 79550, 2002-Ohio-1658. As the Second Appellate District has stated, once an adjudication of delinquency is made with respect to a facilitation specification, "[t]he only element of discretion for the court to exercise was the number of years selected" for the commitment to DYS. *In re J.W.* at ¶ 5. Because the court did not have the discretion, under R.C. 2152.17(A)(2), to place D.P. on probation and order him to attend Hillcrest, we sustain the assignments of error.

### Ripeness

{¶10} Nonetheless, D.P. contends that the issue is not ripe for appeal because the trial court had held the motion to dismiss in abeyance and had therefore not dismissed the specification at the time the state's notice of appeal was filed. But because the trial court had no discretion to dismiss the specification under R.C. 2152.17(A)(2), the motion to dismiss was a nullity. Therefore, the trial court's decision to hold the motion in abeyance was itself erroneous, as the court had no option but to commit D.P. to DYS.

### Conclusion

{¶11} We reverse the judgment of the trial court and remand the cause for disposition pursuant to statute.

Judgment reversed and cause remanded.

CUNNINGHAM, P.J., and HENDON, J., concur.

Please note*:*

The court has recorded its own entry on the date of the release of this opinion.

4