[Cite as *State ex rel. M.A. v. Reed*, 2016-Ohio-3079.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. [M.A.] (Minor), | : | |
| Relator, | : | |
| v. | : | No. 15AP-795 |
| Harvey Reed, Director | : | (REGULAR CALENDAR) |
| Ohio Department of Youth Services, | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on May 19, 2016

**On brief:** *Tim Young*, Ohio Public Defender, and *Charlyn Bohland*, for relator. **Argued:** *Charlyn Bohland*.

**On brief:** *Michael DeWine*, Attorney General, and *William D. Maynard*, for respondent. **Argued:** *William D. Maynard.*

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, M.A., a minor, brings this original action seeking a writ of mandamus ordering respondent, Harvey Reed, Director, Ohio Department of Youth Services ("ODYS"), to follow R.C. 2152.18(B) and reduce M.A.'s minimum period of institutionalization by 808 days.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. On October 8, 2015, respondent filed a motion to dismiss the petition, pursuant to Civ.R. 12(B)(6), for failure to state a claim

upon which relief may be granted.  Following briefing on the motion, the magistrate issued a decision which is appended hereto.  The magistrate recommended that we grant respondent's motion to dismiss.  Relator filed the following objection to the magistrate's decision: "The magistrate erred when she granted Respondent's motion to dismiss Relator's complaint for writ of mandamus."

{¶ 3}  The relevant facts are not in dispute.  On July 15, 2015, a Hamilton County Juvenile Court judge committed relator to the custody of ODYS to serve a period of institutionalization "which was previously suspended."  (July 15, 2015 Judicial Entry.)  The judicial entry reads, in relevant part, as follows:

> Commit to the legal custody of the Ohio Department of Youth Services for the purpose of institutionalization in a secure facility for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed the juvenile's attainment of the age of twenty-one years. Cincinnati Public School District to bear the costs of education. * * * It is further ordered that the juvenile be committed for an additional period of 12 months in relation to the specification(s) found.  This period of commitment shall be in addition to and shall be served consecutively with and prior to other periods of commitment set out in this entry, but shall not exceed the juvenile's attainment of twenty-one years.[1]

{¶ 4}  The parties agree that the juvenile court credited relator with 801 days of confinement.  Relator arrived at ODYS on July 23, 2015.  ODYS subsequently credited relator with 808 days of confinement upon his arrival but did not apply any of that time to the one-year period of institutionalization for the firearm specification.  Accordingly, ODYS determined that relator's minimum sentence expiration date ("MSED") was July 23, 2016.  *See* Ohio Adm.Code 5139-68-01(V).  Relator argues that had ODYS properly applied his confinement credit his MSED would have been May 7, 2015.  Relator seeks a writ of mandamus ordering ODYS to reduce his minimum period of institutionalization by the full 808 days of confinement credit.

{¶ 5}  R.C. 2152.18(B) provides, in relevant part, as follows:

---

[1] The July 15, 2015 judicial entry does not identify the underlying offense.

> When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based. The court shall not include the days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house. *The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.*

(Emphasis added.)

{¶ 6} Pursuant to Ohio Adm.Code 5139-68-01(V), the "[m]inimum sentence expiration date (MSED) is defined as the end of the judicially prescribed minimum sentence based on the Ohio Revised Code minus confinement credit."

{¶ 7} In ruling on the motion to dismiss, the magistrate observed that "nothing in R.C. 2152.18 nor elsewhere, makes any reference to whether or not the days of credit are used to reduce the term being served for a firearm specification." (Magistrate's Decision, 5.) The magistrate concluded from this omission that ODYS did not have a clear legal duty to apply confinement credit to reduce the mandatory one-year term for the firearm specification. In reaching this conclusion, the magistrate relied on case law from other appellate districts. *See State v. Furrie*, 7th Dist. No. 04 MA 23, 2004-Ohio-7068; *In re D.P.*, 1st Dist. No. C-130293, 2014-Ohio-467; *In re D.S.*, 8th Dist. No. 101161, 2015-Ohio-518. For the following reasons, we find that the magistrate committed an error of law.

{¶ 8} In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Natl. City Bank v. Bd. of Edn.*, 52 Ohio St.2d 81 (1977). Relator contends that R.C. 2152.18(B) imposes a clear legal duty on ODYS to reduce his minimum period of institutionalization by the full 808 days of confinement

credit even though his minimum period of institutionalization includes a mandatory period of institutionalization for a firearm specification. According to relator, a proper reduction in his minimum period of institutionalization results in an MSED of May 7, 2015. ODYS contends that the statute does not require ODYS to apply confinement credit to reduce any period of institutionalization for a firearm specification. Thus, this case is one involving statutory construction. The parties have not cited any case law interpreting the language of R.C. 2152.18(B) at issue in this case, and our research has not revealed any. Thus, this is a case of first impression.

{¶ 9} ODYS first contends that mandamus is not appropriate in this case because a declaratory judgment will provide relator with an adequate remedy at law. We disagree.

{¶ 10} The Supreme Court of Ohio has stated that "[t]he availability of a declaratory judgment action does not bar the issuance of a writ of mandamus when the relator otherwise makes a proper showing, although the court may consider the availability of declaratory judgment as one element in exercising its discretion whether the writ should issue." *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59 (1978). For example, " 'where declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled.' " *Trubee v. State Expositions Comm.*, 10th Dist. No. 96APD05-705 (Apr. 1, 1997), quoting *State ex rel. Fenske v. McGovern*, 11 Ohio St.3d 129 (1984), paragraph two of the syllabus; *State ex rel. Minutemen, Inc. v. Indus. Comm.*, 62 Ohio St.3d 158 (1991). *See also State v. Slager*, 10th Dist. No. 11AP-794, 2012-Ohio-3584 (mandamus is the appropriate relief for an inmate who seeks an order compelling Ohio Department of Rehabilitation & Correction to apply jail-time credit).

{¶ 11} In the juvenile system, the MSED is the event that triggers a review by the release authority. *See, e.g.*, R.C. 5139.50; Ohio Adm.Code 5139-68-04 (regular release reviews); Ohio Adm.Code 5139-68-05 (expedited release reviews); Ohio Adm.Code 5139-68-06 (special release reviews).[2] Relator argues that ODYS has a legal duty to reduce his

---

[2] Ohio Adm.Code 5139-68-04(A) provides in relevant part: "All youth shall receive a release review at least thirty days prior to their MSED, *unless a youth has a significant amount of confinement credit* * * *. When

minimum period of institutionalization by the full 808 days of confinement credit. Relator further contends that ODYS erroneously determined that his MSED is July 15, 2016. Under the circumstances, a simple declaration of relator's rights under the statute will not provide relator with complete relief without an order compelling ODYS to fix his MSED at May 7, 2015. Accordingly, under the particular facts of this case, we find that relator does not have an adequate remedy at law.

{¶ 12} Turning to the respective legal rights and obligations of the parties under R.C. 2152.18(B), we note that "[s]tatutory interpretation involves an examination of the words used by the legislature in a statute, and when the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, syllabus. " 'It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute.' " *In re Brooks*, 136 Ohio App.3d 824, 829 (10th Dist.2000), quoting *State ex rel. Burrows v. Indus. Comm.*, 78 Ohio St.3d 78, 81 (1997). "Ambiguity in a statute exists only if its language is susceptible to more than one reasonable interpretation." *Id.*, citing *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513 (1996).

{¶ 13} The plain language of R.C. 2152.18(B) requires ODYS to apply confinement credit to reduce the "minimum period of institutionalization that was ordered," regardless whether the minimum period of institutionalization includes a mandatory period of institutionalization for a firearm specification. In our view, the plain language of R.C. 2152.18(B) permits no other construction. There is no exception in the statute for a mandatory period of institutionalization for a firearm specification. When the juvenile court and/or ODYS determine the number of days of confinement credit, R.C. 2152.18(B) requires ODYS to credit the days of confinement to reduce the minimum period of institutionalization.[3]

---

a youth's review cannot be held in the thirty day time requirement, it shall be held upon completion of the assessment process and/or victim notification process." (Emphasis added.)

[3] Though the word "confined" is not defined in the relevant statutory law, the case law describes someone who is confined as an individual who is held in a secured facility. *In re D.P.*, 1st Dist. No. C-140158, 2014-Ohio-5414, ¶ 18, adopting the definition of confinement set forth in *State v. Napier*, 93 Ohio St.3d 646 (2001).

{¶ 14} In this case, the minimum period of institutionalization ordered by the court in the July 15, 2015 judicial entry is two years; a one-year mandatory institutionalization for the firearm specification to be served consecutively to a one-year institutionalization for the underlying offense. Accordingly, pursuant to Ohio Adm.Code 5139-68-01(V), relator's MSED is the end of the judicially prescribed minimum sentence of two years minus confinement credit. There is no dispute that relator has earned confinement credit of 808 days. Applying the statute as written, relator's minimum sentence of two years must be reduced by 808 days, which means that relator's MSED is May 7, 2015.

{¶ 15} To reach the interpretation of R.C. 2152.18(B) advocated by respondent and adopted by the magistrate, this court must add language to the statute excepting institutionalization for a firearm specification from the "minimum period of institutionalization."

{¶ 16} Ohio courts do not have the authority under any rule of statutory construction to add to, expand, or improve the provisions of the statute to meet a situation not expressly provided for. *Ohio Podiatric Med. Assn. v. Taylor*, 10th Dist. No. 11AP-916, 2012-Ohio-2732, ¶ 22, citing *Storer Communications, Inc. v. Limbach*, 37 Ohio St.3d 193, 194 (1988). Because the General Assembly could have included language in the statute prohibiting the application of confinement credit to reduce a term of institutionalization for a firearm specification, we must assume the omission of such language was intentional. *Id.* at ¶ 22, citing *State ex rel. Gen. Elec. Supply Co. v. Jordano Elec. Co., Inc.*, 53 Ohio St.3d 66, 71 (1990) (refusing "to read into the statute an intent that the General Assembly could easily have made explicit had it chosen to do so"). *See also State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, ¶ 26 (a court cannot add an exception when the plain language of the statute does not contain an exception).

{¶ 17} Our interpretation of R.C. 2152.18(B) is reinforced by the fact that the statute expressly instructs the juvenile court in determining the confinement credit not to count "days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house." Had the General Assembly not wished ODYS to apply confinement credit to reduce a mandatory period of

institutionalization for a firearm specification, it could have added language instructing ODYS not to do so. We must assume from the omission of such language that the General Assembly intended ODYS to apply the credit to all periods of institutionalization.

{¶ 18} We further find that the case law cited by ODYS in support of its interpretation of R.C. 2152.18(B) is distinguishable. For example, the *Furrie* case involved the application of jail-time credit to a mandatory term of imprisonment in the adult system. In *Furrie*, the Seventh District Court of Appeals held that, pursuant to R.C. 2929.14(D)(1)(b), jail-time credit could not be applied to reduce a mandatory term of imprisonment for a firearm specification. *Id.* at ¶ 12. In *Furrie*, the court of appeals reasoned that the language used in R.C. 2929.14, which requires mandatory prison time for firearm specifications, makes it clear that the General Assembly did not intend time spent in "jail" to be credited to reduce a mandatory term of imprisonment. *Id.* at ¶ 8. The court noted that R.C. 2929.14 expressly states that a prison term imposed for a firearm specification "shall not be reduced pursuant to * * * section 2967.19, section 2967.193, or any other provision of Chapter 2967. * * * of the Revised Code."[4]

{¶ 19} The case now before this court arises under the juvenile system. In the juvenile system, the juvenile court does not impose terms of imprisonment for firearm specifications; juvenile offenders are committed to the custody of ODYS for a mandatory period of institutionalization. R.C. 2152.17 speaks to the commitment of juvenile offenders for an act that would constitute a firearm specification if the offender were an adult. Unlike the adult sentencing provisions, R.C. 2152.17 does not contain language prohibiting the application of confinement credit to reduce a mandatory period of institutionalization for a firearm specification. Because R.C. 2152.17 does not contain language prohibiting the application of confinement credit to reduce a mandatory period of institutionalization for a firearm specification, and because R.C. 2152.18 expressly states that ODYS shall apply confinement credit to "reduce the minimum period of institutionalization that was ordered," we must conclude that the General Assembly intended ODYS to apply confinement credit to reduce a mandatory period of institutionalization for a firearm specification. Accordingly, even if the *Furrie* case

---

[4] R.C. 2967.191 governs jail-time credit in the adult system.

represents the prevailing rule of law regarding the application of jail-time credit to mandatory prison terms in the adult system, that rule of law is inapplicable in a case involving the application of confinement credit to a mandatory period of institutionalization in the juvenile system.

{¶ 20} *D.P.*, 2014-Ohio-467, was a case in which the juvenile court made a finding of delinquency based on conduct that would constitute aggravated robbery with a firearm specification, but the juvenile court placed the offender on probation. The First District Court of Appeals reversed the juvenile court, holding that because R.C. 2152.17 requires a mandatory period of institutionalization for certain specifications, the juvenile court erred when it placed the offender on probation. *Id.* at ¶ 9.

{¶ 21} Here, the juvenile court committed relator to the custody of ODYS for a mandatory period of institutionalization on the firearm specification. Thus, there is no question that the juvenile court complied with R.C. 2152.17. Rather, the issue in this case is whether R.C. 2152.18 requires ODYS to apply confinement credit to reduce the mandatory period of institutionalization for a firearm specification. *D.P.* did not speak to this issue, and the case is not instructive on the issue of statutory construction raised herein.

{¶ 22} Finally, the case of *D.S.* involves other language of R.C. 2152.18(B) that is not at issue in this case. In that case, the question for the Eighth District Court of Appeals was whether R.C. 2152.18(B) requires the juvenile court to award confinement credit for days the offender was confined in connection with a previously dismissed delinquency complaint. The juvenile court refused to award confinement credit. The court of appeals held that the intent of the General Assembly in using the phrase "in connection with the delinquent child complaint upon which the order of commitment was based" was to prohibit the juvenile court from awarding confinement credit for days of confinement served by the offender in connection with a prior dismissed case. *Id.* at ¶ 12. *D.S.* does not address the question whether ODYS must apply properly awarded confinement credit to reduce a mandatory period of institutionalization for a firearm specification. Nor does the case provide any guidance with regard to the language of the statute at issue herein.

{¶ 23} Based on the undisputed facts in this case, we find that ODYS has a clear legal duty under R.C. 2152.18(B) to reduce relator's minimum period of

institutionalization by the total confinement credit of 808 days and to fix relator's MSED at May 7, 2015.[5]  We further find upon the undisputed facts that relator has a clear legal right to a writ of mandamus ordering ODYS to comply with R.C. 2152.18(B).

{¶ 24} Having conducted an independent review of the record in this matter, we find that there is an error of law in the magistrate's decision.  Accordingly, we sustain relator's objection.  We hereby grant a writ of mandamus ordering ODYS to reduce relator's minimum period of institutionalization by 808 days of confinement credit and to fix his MSED at May 7, 2015.

*Objection sustained;*
*writ of mandamus granted.*

DORRIAN, P.J., and KLATT, J., concur.

_____

[5] ODYS does not challenge relator's claim that the application of the full 808 days of confinement credit results in an MSED of May 7, 2015.

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. M.A.[6](Minor), | : | |
| Relator, | : | |
| v. | : | No. 15AP-795 |
| Harvey Reed, Director<br>Ohio Department of Youth Services, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N<br>N U N C   P R O   T U N C

Rendered on May 3, 2016

---

*Timothy Young*, **Ohio Public Defender**, **and** *Charlyn Bohland*, **for relator.**

*Michael DeWine*, **Attorney General**, **and** *William D. Maynard*, **for respondent.**

---

### IN MANDAMUS
### ON RESPONDENT'S MOTION TO DISMISS

**{¶ 25}** Relator, M.A., has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Harvey Reed, as director of the Ohio Department of Youth Services ("ODYS"), to apply the total number of days he was confined and reduce

---

[6]**This magistrate's decision replaces, nunc pro tunc, the original magistrate's decision released December 22, 2015, and is effective as of that date. This magistrate's decision identifies the minor by the minor's initials to correct a clerical error.**

his minimum period of institutionalization.  Specifically, relator wants ODYS to reduce the mandatory term he is serving pursuant to a firearm specification.

Findings of Fact:

{¶ 26}  1.  On July 15, 2015, relator, who is a minor, appeared with counsel in front of Hamilton County Juvenile Court Judge John M. Williams.  At that time, the court invoked its continuing jurisdiction pursuant to Juv.R. 35(A) and imposed the commitment to ODYS, which had previously been suspended.

{¶ 27}  2.  The court sentenced relator as follows:

> **Commit to the legal custody of the Ohio Department of Youth Services for the purpose of institutionalization in a secure facility for an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed the juvenile's attainment of the age of twenty-one years. Cincinnati Public School District to bear the costs of education. Such determination is subject to re-determination by the department of education pursuant to ORC 2151.362. All in accordance with the accompanying entry of this date, incorporated herein by reference. It is further ordered that the juvenile be committed for an additional period of 12 months in relation to the specification(s) found. This period of commitment shall be in addition to and shall be served consecutively with and prior to other periods of commitment set out in this entry, but shall not exceed the juvenile's attainment of twenty-one years.**

{¶ 28}  3.  Relator arrived at ODYS on July 23, 2015.

{¶ 29}  4.  ODYS documentation indicates that relator was credited with 808 days of confinement.

{¶ 30}  5.  After applying the 808 days of credit to his sentence, ODYS determined that relator's minimum sentence expiration date ("MSED") was July 23, 2016.

{¶ 31}  6.  Relator contends however, that his MSED actually occurred on May 7, 2015.

{¶ 32}  7. Relator asserts that, when the court sentenced him to serve an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed his 21st birthday plus an additional period of 12 months in relation to the firearm specification, he is serving an indefinite term consisting of two years and a

maximum period not to exceed his 21st birthday.  As such, relator contends that the 808 days of credit should be applied to the two years (which reduces the time he would serve for the 12-month firearm specification) thereby resulting in an MSED of May 7, 2015, two months before he actually arrived at the facility.

{¶ 33} 8. ODYS applied the 808 days of credit to relator's indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed relator's 21st birthday.  ODYS asserts that this term and the reduction thereto only begins after relator serves the mandatory 12 months for the firearm specification.

{¶ 34} 9.  On October 8, 2015, respondent filed a motion to dismiss asserting that relator has a plain and adequate remedy in the ordinary course of the law by filing a declaratory judgment action.

{¶ 35} 10. Relator has filed a memorandum in opposition asserting that a declaratory judgment would not provide a beneficial or speedy remedy and that he has demonstrated that he has a clear legal right to have the 808 days credited toward both the indefinite 12-month term as well as the mandatory 12-month term for the firearm specification, that respondent has a clear legal duty to apply the credit in that manner, and that he does not have a plain and adequate remedy in the ordinary course of law.

{¶ 36} 11.  Respondent has filed a reply brief in response.

{¶ 37} 12.  The matter is currently before the magistrate on respondent's motion to dismiss.

Conclusions of Law:

{¶ 38} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss.

{¶ 39} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992).  In reviewing the complaint, the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. *Id.*

{¶ 40} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that

relator can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242 (1975). As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent and the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 72 Ohio St.3d 94 (1995). For the following reasons, respondent's motion should be granted and relator's complaint should be dismissed.

{¶ 41} The parties agree that, in order for this court to grant a writ of mandamus, relator must prove that he has a clear legal right to the requested act, that respondent has a clear legal duty to perform that act, and that relator lacks a plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 42} In the present case, relator was adjudicated a delinquent child by reason of having committed acts, which if committed by an adult would constitute felonies of the fifth, fourth, third, and second degree. Those acts involved breaking and entering, burglary of an occupied structure, burglary and trespass of a structure likely occupied, and robbery. The firearm specification was attached to the robbery determination.

{¶ 43} As indicated in the court's entry, relator was committed to the legal custody of ODYS for the purpose of institutionalization in a secure facility for (1) an indefinite term consisting of a minimum period of 12 months and a maximum period not to exceed his 21st birthday, and (2) an additional period of 12 months in relation to the firearm specification found. The entry further provides that this additional period of 12 months "shall be in addition to and shall be served consecutively with and prior to other periods of commitment set out in this entry, but shall not exceed [relator's] attainment of 21 years."

{¶ 44} Relator asserts that, pursuant to R.C. 2152.18(B), ODYS is required to apply the 808 days of credit not only to the indefinite term of 12 months, but also to the additional period of 12 months he was committed relative to the firearm specification. R.C. 2152.18(B) provides:

> When a juvenile court commits a delinquent child to the custody of the department of youth services pursuant to this chapter, the court shall state in the order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based. The court shall not include days that the child has been under electronic monitoring or house arrest or days that the child has been confined in a halfway house. The department shall reduce the minimum period of institutionalization that was ordered by both the total number of days that the child has been so confined as stated by the court in the order of commitment and the total number of any additional days that the child has been confined subsequent to the order of commitment but prior to the transfer of physical custody of the child to the department.

{¶ 45} While R.C. 2152.18(B) provides the juvenile court must state in its order of commitment the total number of days that the child has been confined in connection with the delinquent child complaint upon which the order of commitment is based, nothing in R.C. 2152.18 nor elsewhere, makes any reference to whether or not the days of credit are used to reduce the term being served for a firearm specification.

{¶ 46} R.C. 2152.17 pertains to felony specifications when a delinquent child has been found to have committed an act that would constitute a felony if the child was an adult. Specifically, if the court determines that the child would be guilty of a firearm specification, then in addition to any commitment or other disposition the court imposes for the underlying delinquent act, the court shall commit the child to the department of youth services for the specification for a definite period. The magistrate specifically notes that R.C. 2152.17(E) goes on to provide as follows:

> Any commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served consecutively with and prior to, a period of commitment ordered under this chapter for the underlying delinquent act, and each commitment imposed pursuant to division (A), (B), (C), or (D)(1) of this section shall be in addition to, and shall be served consecutively with, any other period of commitment imposed under those divisions.

{¶ 47} Although relator and others like him are juveniles when they commit acts which would constitute felonies if they were adults, the length of confinement is commensurate with the acts committed. Where an adult has received a mandatory sentence for a firearm specification, jail-time credit is not applied to reduce that time. Specifically, in *State v. Furrie,* 7th Dist. No. 04MA23, 2004-Ohio-7068, the Seventh District Court of Appeals specifically considered whether or not the trial court had erred in granting jail-time credit on a term of incarceration imposed for a firearm specification, which, by law, carries a mandatory prison term. The court specifically found that jail-time credit is not applied to reduce the mandatory sentence imposed for a firearm specification, stating:

> "The trial court erred in granting jail-time credit on a term of incarceration imposed for a firearm specification, which, by law, carries a mandatory prison term."
>
> As the State correctly notes in its brief, R.C. 2929.14(D) addresses a trial court's duties at sentencing regarding firearm specifications. The relevant portion of that statute, subsection (D)(1)(b), states that if a term of incarceration is imposed for a firearm specification, it "shall not be reduced pursuant to section 2929.20, section 2967.193, or any other provision of Chapter 2967 or Chapter 5120 of the Revised Code."
>
> Accordingly, the State argues that R.C. 2967.191, the provision dealing with credit for confinement awaiting trial and commitment, jail-time credit, should not and cannot be properly applied to firearm specifications. The State has provided no caselaw supporting this contention as it appears this might be a case of first impression in Ohio.
>
> However, the State does argue that a review of other statutes demonstrates that the legislature intended for a person serving time for a firearm specification must do so in prison, as opposed to other forms of incarceration like jail. For example, the State cites to R.C. 2929.14(D)(1)(a) which mandates that a trial court "shall" impose a "prison term." The State then emphasizes that this type of prison term is described as "mandatory."

Notably, however, other statute sections tend to suggest that jail-time credit may be applied to mandatory prison terms. For example, pursuant to R.C. 2929.01(GG):

" 'Stated prison term' means the prison term, mandatory prison term, or combination of all prison terms and mandatory prison terms imposed by the sentencing court pursuant to section 2929.14 or 2971.03 of the Revised Code. 'Stated prison term' includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense and any time spent under house arrest or house arrest with electronic monitoring imposed after earning credits pursuant to section 2967.193 of the Revised Code."

Moreover, the statute in question states that the mandatory sentence may not be reduced by R.C. 2929.20, R.C. 2967.193, 5120, or any other provisions in those chapters. However, those specific statutes, and almost the entire remainder of those chapters, deal with things like judicial release, parole, and reduction of sentence for participation in certain programs. In other words, those chapters deal mainly with the actual reduction or shortening of sentences.

We are tempted to distinguish jail time credit from the other forms of sentence reduction listed in the statute and conclude that credit for time served is simply that-credit. This reading of the statute seems to make more practical sense. However, since the language in the statute explicitly states that no provision in Chapter 2967 of the Revised Code shall be applied to the mandatory prison term, we have no choice but to accept the arguments of the prosecution and modify the journal entry to show that all jail time credit will be applied to the non-mandatory portion of the prison sentence.

*Id.* at ¶ 5-12.

{¶ 48} While the *Furrie* decision involved an adult, the statutes cited by the court have not changed and the decision was not appealed nor has it been otherwise reviewed since it was released.

{¶ 49} Relator essentially argues that, in this regard, juveniles should be treated differently, more leniently, than adults. The magistrate specifically finds the case of *In re D.P.,* 1st Dist. No. C-130293, 2014-Ohio-467, to be instructive. In that case, D.P., a

juvenile, engaged in conduct that would have constituted aggravated robbery with a firearm specification had he been an adult. The case proceeded to trial before a magistrate who found D.P. delinquent with respect to the aggravated robbery charge and the specification. After the case had been referred to the trial judge for disposition, D.P. filed a motion to dismiss the firearm specification. The trial court denied this motion, placed D.P. on probation and ordered him to attend a residential program at Hillcrest School.

{¶ 50} The state appealed arguing that the trial court erred in failing to commit D.P. to ODYS for the firearm specification. The state argued that the trial court's disposition placing D.P. in a residential program was tantamount to a dismissal of the specification which was not within the court's discretion.

{¶ 51} The appeals court agreed, stating:

> We find the state's assignments of error to be well taken. Juv.R. 29(F)(2)(d) provides that, if the allegations of the complaint are admitted or proven, the juvenile court may "[d]ismiss the complaint if dismissal is in the best interest of the child and the community." But this discretion to dismiss is explicitly limited to those cases in which dismissal is not "precluded by statute." Juv.R. 29(F)(2).
>
> R.C. 2152.17(A)(2) provides that, if the juvenile, were he an adult: would be guilty of a specification of the type set forth in section 2941.145 of the Revised Code * * *, the court shall commit the child to the department of youth services for the specification for a definite period of not less than one and not more than three years, and the court shall also commit the child to the department for the underlying delinquent act under sections 2152.11 to 2152.16 of the Revised Code. * * * R.C. 2941.145, in turn, sets forth the specification that the offender had a firearm on his person while committing the offense "and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense." Thus, under the plain language of R.C. 2152.17(A)(2), the juvenile court is required to commit the child to DYS following an adjudication for a facilitation specification.
>
> Other courts construing R.C. 2152.17(A)(2) have held that the statute's terms are mandatory. In re J.W., 2d Dist. Montgomery No. 24507, 2011-Ohio-6706; In re J.M., 8th

> Dist. Cuyahoga No. 79550, 2002-Ohio-1658. As the Second Appellate District has stated, once an adjudication of delinquency is made with respect to a facilitation specification, "[t]he only element of discretion for the court to exercise was the number of years selected" for the commitment to DYS. In re J.W. at ¶ 5. Because the court did not have the discretion, under R.C. 2152.17(A)(2), to place D.P. on probation and order him to attend Hillcrest, we sustain the assignments of error.

*Id.* at ¶ 7-9.

{¶ 52} The appellate court determined that the terms of confinement concerning felony specifications set out in R.C. 2125.17 were mandatory.

{¶ 53} Recently, the Eighth District Court of Appeals considered *In re D.S.,* 8th Dist. No. 101161, 2015-Ohio-518. In this case, D.S. was originally charged in the juvenile division in case number DL-13106887 with committing acts which, if committed by an adult, would constitute the crime of aggravated robbery with a firearm specification. D.S. was bound over to the general division to be tried as an adult and was transferred to the county jail pending trial. After the passage of several months, the parties reached an agreement whereby the state would dismiss the felony case against D.S. without prejudice and transfer him back to the juvenile division where the state had filed a new delinquency complaint in DL-14102017. In exchange, D.S. would admit the allegations that would constitute the crime of robbery with a one-year firearm specification. The judge of the general division dismissed the case without prejudice and transferred D.S. to the juvenile detention center for arraignment on the new juvenile division charges.

{¶ 54} D.S. was arraigned in the juvenile division and admitted the allegations in DL-14102017 with his agreement to serve a minimum one-year commitment with ODYS and a mandatory one-year commitment on the firearm specification. The court accepted the admission and imposed the agreed commitment. However, the court refused to grant D.S.' request for confinement credit for the time he spent awaiting resolution of the charges because his period of confinement incurred in DL-13106887, the originally filed case, and not DL-14102017, the newly filed case.

{¶ 55} On appeal, D.S. argued that the court erred by refusing to grant him confinement credit in violation of R.C. 2152.18(B). The appellate court used the plain language of the statute and denied the request, stating:

> The statute states that credit is applied "in connection with the delinquent child *complaint upon which the order of commitment is based.*" (Emphasis added.) The statute permits no interpretation other than that the confinement relates to the underlying complaint, not any proceedings under previously dismissed complaints or indictments.

*Id.* at ¶ 6.

{¶ 56} D.S. had argued that the court should focus on the word "confinement" as opposed to the word "complaint." However, the court disagreed specifically noting the Revised Code provides that adults receive jail-time credit while "confined" for the underlying "offense" while juveniles receive jail-time credit for the time they are confined on the underlying "complaint."

{¶ 57} The above cases certainly demonstrate that juveniles who commit acts which would constitute felonies if they were adults are treated seriously. The statutes are not necessarily lenient.[7] In the present case, there is no indication in the statute which would require respondent to apply the days of credit to relator's term of confinement for the firearm specification as relator asserts. As such, relator cannot show that he has a clear legal right to the relief he requests nor can he show that respondent is under a clear legal duty to apply the credit in a manner in which relator asks. As such, relator cannot demonstrate that he is entitled to a writ of mandamus and dismissal of this action is appropriate.[8]

/S/ MAGISTRATE
STEPHANIE BISCA

---

[7] R.C. 2941.145 which applies to adults convicted of firearm specifications provides that the terms "may be used in a delinquent child proceeding in the manner and for the purpose described in section 2152.17 of the Revised Code." 2941.145(C).

[8] A declaratory judgment action is the appropriate manner in which to challenge the statute.

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).