The writ of habeas corpus shall issue.

MALLORY *v.* THE STATE OF OHIO.

(No. 84190—Decided April 25, 1972.)

Common Pleas Court of Cuyahoga County, Criminal Branch.

*Mr. Roger W. Mallory, in propria personna.*
*Mr. Albin Lipold,* assistant county prosecutor, for defendant.

WHITING, J.  Petitioner, Roger W. Mallory, is confined at the Ohio State Penitentiary for a term of 20 to 40 years under sentence imposed in 1967 for violation of the drug laws R. C. 3719.20(A) and (B).  He now seeks a credit of 362 days against the term of his sentence to offset 345 days he was confined in the Cuyahoga County Jail prior to his conviction and 17 days he was held in said jail after conviction and before his delivery to the penitentiary.

There is no provision in the Ohio Revised Code authorizing the court to grant petitioner's request.  In fact, the only relevant provision clearly implies the contrary.  R. C. 2967.191.  However, the reason for petitioner's confinement was his financial inability to post security for bail or to purchase a bail bond.  The Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States therefore requires that his request be granted.

The relevant Ohio statute reads as follows (R. C. 2967.-191):

"The adult parole authority upon proper certification by the trial judge of time served, in the journal entry of sentence and upon recommendation of the trial judge may reduce the minimum sentence of a prisoner by the number of days the prisoner was confined at the county jail * * * after a verdict or plea of guilty and before commitment."

As stated in *Workman* v. *Cardwell* (Cause No. C71-1133

on the docket of the U. S. District Court, Northern District of Ohio, March 7, 1972, 31 Ohio Misc. 99):

"This section (R. C. 2967.191) is unconstitutional on its face. In substance, it compels an indigent prisoner to be confined for a period longer than one who is released on bail between verdict or plea and commitment. The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by prisoners who were unable to make bail because of indigency *must* be credited to his sentence. The Fourteenth Amendment does not conscience discretion in such matters." (Emphasis by Battisti, C. J.)

The term of the sentence of petitioner, Roger W. Mallory, therefore is reduced by 362 days, which reduction is applicable to both the minimum and the maximum periods fixed by statute. (R. C. 3719.99.)

Judgment for plaintiff.