James C. WHITE et al., Plaintiffs,

v.

John J. GILLIGAN et al., Defendants.

Civ. A. No. 71–188.

United States District Court,
S. D. Ohio, E. D.

Nov. 10, 1972.

Ferdinand A. Forney, Donald R. Stacy, Richard Singer, Legal Aid Society, Cincinnati, Ohio, Stanley A. Bass, NAACP Legal Defense Fund, New York City, for plaintiffs.

William J. Brown, Atty. Gen., Jeffrey L. McClelland, Asst. Atty. Gen., Columbus, Ohio, for defendants.

OPINION

Before PECK, Circuit Judge, and KINNEARY and RUBIN, District Judges.

KINNEARY, District Judge.

This matter is before the Court on plaintiffs' request for declaratory and

injunctive relief against Ohio's statutory scheme which denies prisoners any credit for the time they spend in jail prior to their convictions.

Plaintiffs in this action represent a class of all inmates of the Ohio penal system who are financially unable to post bail bonds and who consequently remain in jail prior to their trials. These prisoners receive no credit for this time, commonly referred to as "dead time," on the statutorily fixed sentence ultimately imposed. The Court holds that this action is properly maintained as a class action and that plaintiffs adequately represent the views of the class.

This action was commenced under the provisions of Section 1983 of Title 42, United States Code. Jurisdiction of the Court is based on 28 U.S.C. § 1343(3).

Plaintiffs contend that the Ohio statutory scheme which denies them credit for time spent in jail prior to their convictions is unconstitutional because it discriminates against the poor, thus violating their rights under the equal protection clause of the Fourteenth Amendment. Plaintiffs further contend that this statutory scheme chills the assertion of a defendant's right of trial and otherwise deprives them of due process of law. Each of these arguments will be considered separately.

Section 1.05 of the Ohio Revised Code defines the term "imprisoned" to mean:

> . . . imprisoned in the county jail if the maximum term prescribed for the offense is one year or less, and imprisoned in the penitentiary if the maximum term prescribed for the offense is longer than one year.

This statute has been interpreted to mean that time spent in a county jail prior to a defendant's felony conviction cannot be credited against the statutorily fixed sentence ultimately imposed because such time is not "imprisonment" within the meaning of § 1.05 where the maximum term prescribed for the offense is longer than one year. As a result, these defendants are confined for longer periods of time before they become eligible for parole than other defendants who remain free until after their trials.

The Ohio Adult Parole Authority *may* reduce the minimum sentence of a prisoner by the period of time he was confined after a verdict or plea of guilty and before confinement upon recommendation of the trial judge. Ohio Rev. Code Ann. § 2967.191; 1966 O.A.G. No. 66–145. A prisoner becomes eligible for parole only after the expiration of his minimum sentence. Ohio Rev.Code Ann. § 2967.19.

## I

Plaintiffs assert that this statutory scheme discriminates against the poor and thus deprives them of their rights under the equal protection clause of the Fourteenth Amendment. We agree.

In Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), the Supreme Court held that an indigent defendant could not be confined beyond the maximum sentence specified by statute because of his inability to pay the monetary portion of his sentence. The Court held that such confinement violated an indigent defendant's rights under the equal protection clause of the Fourteenth Amendment:

> Since only a convicted person with access to funds can avoid the increased imprisonment, the Illinois statute in operative effect exposes only indigents to the risk of imprisonment beyond the statutory maximum. By making the maximum confinement contingent upon one's ability to pay, the State has visited different consequences on two categories of persons since the result is to make incarceration in excess of the statutory maximum applicable only to those without the requisite resources to satisfy the money portion of the judgment. 399 U.S. at 242, 90 S.Ct. at 2023.

Subsequently, the Court extended the *Williams* rationale to apply where an indigent defendant was convicted of an offense punishable only by fines. Tate v.

Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). In fact, the Supreme Court has consistently condemned any statute or procedure which has had the effect of discriminating against indigent defendants. *See, e. g.,* Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The applicability of this line of cases to the issue before the Court has already been recognized. In Workman v. Cardwell, 338 F.Supp. 893 (N.D.Ohio, 1972) the Court concluded that the failure to give credit for time spent in confinement prior to a verdict or plea of guilty violated the equal protection clause of the Fourteenth Amendment. Subsequently, an Ohio Common Pleas Court arrived at the same conclusion. Mallory v. State, 31 Ohio Misc. 113, 281 N.E.2d 860 (1972).

Other federal courts which have considered this question have also concluded that credit must be given for dead time. *See, e. g.,* Wright v. Maryland, 429 F.2d 1101 (4th Cir. 1970); Wilson v. North Carolina, 438 F.2d 284 (4th Cir. 1971); United States v. Gaines, 449 F.2d 143, 144 (2d Cir. 1971); Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966); Hart v. Henderson, 449 F.2d 183 (5th Cir. 1971); Mott v. Dail, 337 F.Supp. 731 (E.D.N.C.1972).

■ This Court finds no substantive difference between a prisoner who is forced to remain in jail after completion of his sentence because of his inability to pay a fine and an indigent defendant who must remain in jail prior to his trial because of his inability to post bond. *See* Schornhorst, Presentence Confinement and the Constitution: The Burial of Dead Time, 23 Hastings L.R. 1041, 1059–61 (1972). The inability of an indigent defendant to post bond should not determine the duration of his confinement.

However, this statutory scheme also discriminates against any defendant who remains in jail prior to his trial. In effect, the Ohio statutory scheme establishes two classes of defendants. The first class consists of those defendants who remain free prior to their convictions and who thus receive full credit for all of their periods of actual confinement on the sentences ultimately imposed. The second class consists of those defendants who remain in jail prior to their convictions and who therefore do not receive full credit for all of their periods of confinement because under the Ohio statutory scheme pre-conviction confinement is not imprisonment. As a result, this second class of defendants must remain in jail for a longer period of time before they become eligible for parole than defendants who belong to the first class. In addition, defendants in the first class receive full credit for all periods of actual confinement in determining the date their maximum sentence expires, while members of the second class do not. This Court cannot find any legitimate state interest which is served by allowing the state to grant full credit for all periods of confinement to one class of defendants while denying full credit to another class of defendants.

■■ We wish to emphasize that the merits or defects of the bail bond system are not before this Court. Nothing in this opinion in any way undermines the right to the state to employ reasonable measures to insure that defendants appear at their trials. This Court merely holds that where, for whatever reason, a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement. This will result both in earlier parole consideration and in an earlier expiration of his maximum sentence.

II

■ Plaintiffs also contend that the present Ohio statutory scheme chills the assertion of a defendant's right to a trial. In United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), the Supreme Court held the death penalty provision of the Federal

Kidnaping Act unconstitutional because it served to discourage defendants from asserting their right to a trial by jury. Plaintiffs contend that the fear of accumulating a long period of dead time discourages defendants from asserting their right to a trial.

On the basis of the record before us, we are not convinced that defendants plead guilty to avoid dead time.

### III

 Plaintiffs further contend that the Ohio statutory scheme denies them due process of law. Plaintiffs analogize to the holding of the Supreme Court in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There, the Supreme Court held that a defendant who appealed his conviction and won was entitled to have any time served on the vacated conviction credited against any sentence received for a new conviction for the same offense. Similarly, plaintiffs argue, pretrial confinement is also punishment which should be credited against the sentence ultimately imposed. Ohio contends that pretrial detention is not punishment because the defendant has not yet been convicted of a crime. Given the deplorable condition of most local jails we find it difficult to characterize such confinement as anything but punishment. Nonetheless, we have difficulty in applying the *Pearce* rationale to Ohio's indeterminate sentence system. Under this system, almost all prisoners are ultimately paroled and some of these parolees receive their final release from parole supervision before the expiration of their maximum sentence. Ohio Rev.Code Ann. § 2967.16.

We do not believe that the *Pearce* rationale provides an adequate basis for our holding that pretrial detention must be credited against a sentence for the purpose of determining when a prisoner becomes eligible for parole. While we do agree that dead time must be taken into consideration when computing the maximum expiration date of a sentence, we are not convinced that the *Pearce*

rationale is analogous to this situation given Ohio's indeterminate sentence system.

### IV

Finally, plaintiffs contend that they should be entitled to credit for good behavior pursuant to § 2967.19 of the Ohio Revised Code for pretrial confinement. The Court believes that if pretrial detention must be taken into consideration in computing length of sentence, then it must also be taken into consideration for all other purposes, including the awarding of good time to prisoners who faithfully observe the rules of their place of confinement. Royster v. McGinnis, 332 F.Supp. 973 (S.D. N.Y.1971), prob. juris. noted, 405 U.S. 986, 92 S.Ct. 1247, 31 L.Ed.2d 452 (1972).

Whereupon, the Court holds that the Ohio statutory scheme described in this opinion, insofar as it denies credit for pretrial detention, is hereby declared unconstitutional and the State of Ohio is permanently enjoined and restrained from enforcing it so as to deny such credit.