OPINION
Defendant-appellant Charles Reichelderfer appeals from a judgment of the trial court convicting and sentencing him on his pleas of no contest to Rape of a Child Under the Age of Thirteen, and for Gross Sexual Imposition Upon a Child Under the Age of Thirteen, and classifying him as a Sexual Predator. Reichelderfer contends that the Sexual Predator statute, R.C. 2950.01, et seq., is unconstitutionally vague and overbroad, and that it violates the Equal Protection and Due Process clauses of both the United States and Ohio constitutions. Reichelderfer also contends that the trial court erred by failing to give him credit for time spent in jail before sentencing, and that provisions in R.C. 2929.13(F) violate the Equal Protection clause to the extent that they purport to deny defendants convicted of certain offenses credit for pre-sentence jail time.
We conclude, based upon previous decisions of this court that we approve and follow, that there is no merit to Reichelderfer's constitutional attacks upon the Sexual Predator statute. We further conclude, based upon a previous decision of this court, that Reichelderfer misconstrues R.C. 2929.13(F). However, because the trial court erroneously specified, in its termination entry, that Reichelderfer was not entitled to jail time credit, the judgment of the trial court is Reversed, and this cause isRemanded for resentencing. Upon resentencing, the trial court is directed to delete the statement that Reichelderfer is not entitled to jail time credit. The trial court may, in its discretion, recite the jail time credit to which Reichelderfer is entitled pursuant to R.C. 2967.191.
 I
Reichelderfer pled no contest to one count of Rape, without force, of a child under thirteen, and one count of Gross Sexual Imposition of a child under thirteen. Six other counts were dismissed by the State. The trial court accepted Reichelderfer's plea, found him guilty, and deferred sentencing, so that sentencing could be considered in connection with a hearing on Reichelderfer's classification as a sexual predator.
At a later hearing, the trial court considered a report by Dr. Barbara Bergman. No live testimony was taken. The trial court imposed sentence and adjudicated Reichelderfer to be a sexual predator, in accordance with R.C. 2950.09(B).
From his conviction, sentence, and sexual predator classification, Reichelderfer appeals.
 II
Reichelderfer's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN THAT THE PROVISIONS OF THE SEXUAL PREDATOR STATUTE, AS APPLIED THROUGH R.C. 2950.01 ET SEQ., IS UNCONSTITUTIONAL PURSUANT TO BOTH OHIO AND UNITED STATES CONSTITUTIONS AS SAID LAW IF VAGUE AND OVER BROAD.
This assignment of error is overruled upon the authority ofState v. Fortman (March 27, 1998), Montgomery App. No. 16565, unreported, which we approve and follow.
 III
Reichelderfer's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN THAT THE PROVISIONS OF THE SEXUAL PREDATOR STATUTE, AS APPLIED THROUGH R.C. 2950.01 ET SEQ., IS UNCONSTITUTIONAL PURSUANT TO BOTH OHIO AND UNITED STATES CONSTITUTIONS AS SAID LAW DENIES EQUAL PROTECTION OF THE LAW AND DUE PROCESS OF LAW.
A sexual predator classification does not involve a fundamental right. State v. Thomas (March 27, 1998), Greene App. No. 97-CA-86, which we approve and follow. Accordingly, the sexual predator classification scheme will survive Equal Protection scrutiny if a rational basis can be found for treating different classifications of offenders differently. Reichelderfer contends that Ohio's Sexual Predator statute offends federal and Ohio Equal Protection analysis because it treats defendants in custody within the state penal system for a sexually oriented offense on or after January 1, 1997, differently from those who are no longer in custody after that date. R.C. 2950.09(C)(1). We have previously held that, despite any misgivings we may have concerning this differential treatment, it satisfies the rational basis test.State v. Bradley (June 19, 1998), Montgomery App. No. 16662, 16664, unreported. We see no reason to depart from that holding in this case.
Under this assignment of error, Reichelderfer also contends that the Sexual Predator classification statute offends the Due Process clauses of the Ohio and federal constitutions. However, we cannot distinguish the argument he makes on this point from the argument he makes in support of his claim that the statute is unconstitutionally vague and overbroad, which we have already rejected upon the authority of State v. Fortman, supra.
Reichelderfer's Second Assignment of Error is overruled.
 IV
Reichelderfer's Third Assignment of Error is as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT AS IT FAILED TO GIVE CREDIT FOR JAIL TIME SERVED AWAITING FINAL DISPOSITION OF HIS CASE PURSUANT TO 2929.01 ET SEQ., AS R.C. 2929.13(F) IS UNCONSTITUTIONAL IN THAT IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT.
R.C. 2929.13(F) provides that the trial court shall not reduce a term of imprisonment imposed for certain offenses, including Rape and Gross Sexual Imposition where the victim is under thirteen years of age, the offenses of which Reichelderfer has been convicted. Reichelderfer contends that this provision offends the Equal Protection clauses of the Fifth andFourteenth Amendments to the United States Constitution, and Article I of the Ohio Constitution.
We previously considered this argument in State v. Day
(October 2, 1998), Montgomery App. No. 16902, unreported. In that case, we held that although the trial court is precluded from reducing the term of imprisonment for these offenses, pursuant to R.C. 2929.13(F), the Department of Rehabilitation and Correction is nevertheless required to reduce the stated prison term to reflect pre-sentence incarceration, pursuant to R.C. 2967.191. Although an argument could be made that the restriction in R.C.2929.13(F) barring a trial court from reducing a term of imprisonment pursuant to "any other provision of Chapter 2967," is broad enough to encompass the reduction required to be made by the Department of Rehabilitation and Correction in R.C. 2967.191, that would be of questionable constitutionality, in view of White v.Gilligan (S.D. Ohio, 1972), 351 F. Supp. 1012. Consequently, the better construction of R.C. 2929.13(F) is that it merely bars a trial court from making a reduction to reflect pre-sentence incarceration.
Formerly, trial courts were required by Crim.R. 32.2 to recite, in the termination entry, the amount of time that a convicted defendant spent incarcerated before sentencing. However, Crim.R. 32.2 was amended, effective July 1, 1998, and no longer contains this requirement. The Department of Rehabilitation and Corrections understandably would appreciate a trial court's recitation, in its termination entry, of the amount of time that a convicted defendant has spent in jail upon the charge for which he was convicted, so that the Department may perform its duty pursuant to R.C. 2967.191. See Ohio Adm. Code5120-2-04(B), which purports to require the sentencing court to do so. Although we cannot say that a trial court is required by law to recite the amount of pre-sentence jail time in its termination entry, that is, in our view, clearly the better practice.
In the case before us, the termination entry is not silent on the subject of jail time credit. To the contrary, it contains the following provision:
 The defendant is to receive credit for the following: ( NOT ENTITLED TO JAIL TIME CREDIT ) days spent in confinement;
This provision is legally erroneous. If, as the State appears to concede, Reichelderfer was incarcerated, before sentencing, upon the charge for which he was convicted, he is entitled, pursuant to R.C. 2967.191, to credit for that time, even though it is the Department of Rehabilitation and Correction that is to apply the credit. Furthermore, this error is prejudicial because it would appear to bind both Reichelderfer and the State, both of whom are parties to the judgment entry.
We agree with Reichelderfer that the trial court erred by providing, in the termination entry, that he is not entitled to jail time credit. Reichelderfer's Third Assignment of Error is sustained.
 V
Reichelderfer's Third Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause is Remanded for resentencing, in accordance with this opinion. In the termination entry, the trial court shall delete the provision specifying that Reichelderfer is not entitled to jail time credit. The trial court may, in its discretion, calculate the amount of time that Reichelderfer spent in jail, on these charges, before sentencing, and recite that time in its termination entry.
GRADY, P.J., and BROGAN, J., concur.
Copies mailed to:
Johnna M. Shia
Dennis J. Adkins
Hon. David Sunderland