[Cite as *State v. Moore*, 2017-Ohio-673.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                  Court of Appeals No. E-16-030

     Appellee                                              Trial Court No. 2015-CR-285

v.

Gerry L. Moore, Sr. aka
Gary L. Moore, Sr.                                     **DECISION AND JUDGMENT**

     Appellant                                             Decided:  February 24, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Mary Ann Barylski, Chief Assistant Prosecutor, for appellee.

Terry H. Gilbert and Jacqueline C. Greene, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Gerry L. Moore, Sr., appeals the April 15, 2015 judgment of the Erie County Court of Common Pleas convicting him of felonious assault with a firearm specification, kidnapping with a firearm specification, failure to comply with the order or signal of police and inducing panic.  Finding error on record, we reverse.

## Assignment of Error

{¶ 2} Appellant sets forth the following assignment of error:

The trial court erred when it refused to apply Appellant's jail time credit to his sentences of one and three years of mandatory, actual incarceration for the firearm specifications.

## Background Facts

{¶ 3} On July 16, 2015, an indictment was filed charging appellant with ten felony counts. On August 12, 2015, the indictment was amended to include two additional felony counts.

{¶ 4} On April 14, 2016, appellant pled guilty to felonious assault (Count 2) in violation of R.C. 2903.11(A)(2), a felony of the second degree; kidnapping (Count 7) in violation of R.C. 2905.01(B)(2), a felony of the first degree; failure to comply (Count 8) in violation of R.C. 2921.331(B) and (C)(5)(a), a felony of the third degree; and inducing panic (Count 12) in violation of R.C. 2917.31(A)(3) and (C)(4)(b), a felony of the fourth degree. The felonious assault and kidnapping counts carried firearm specifications.

{¶ 5} The trial court's April 14, 2016 judgment entry of appellant's plea agreement states as follows:

Count 8 Failure to comply, the parties agree and this court finds defendant was fleeing immediately after the commission of a felony which requires consecutive sentence, consecutive to any mandatory term of imprisonment. Defendant and the State agree with this Court finding that

the gun specifications of three years and one year do not merge and are to be served consecutively for a four year term. Defendant agrees to the imposition of and (sic) eight year eleven month sentence. Defendant agrees that the sentence shall be imposed and be imposed to run consecutive as follows * * *

Defendant is eligible for judicial release in 4-1/2 years. Providing defendant does not commit medium/major infractions and the overall prison report is positive, the State and the victim will remain mute as to judicial [release].

{¶ 6} After accepting the plea, the court found appellant guilty and proceeded to impose sentence. Appellant was sentenced to three-years incarceration for the felonious assault, three years for the kidnapping, one year for the failure to comply, and eleven months for the inducing panic. The accompanying firearm specifications carried an additional four years of incarceration (three and one-year terms), which were imposed as mandatory. The remaining counts were dismissed.

{¶ 7} The court ordered the mandatory terms for the firearm specifications to be served consecutively to each other, and prior to and consecutively to the other counts. The sentences imposed for kidnapping and inducing panic were ordered to be served consecutively to each other. The sentence imposed for felonious assault was ordered to be served concurrently to the sentence for kidnapping and inducing panic, and the

3.

sentence imposed for failure to comply was ordered to be served consecutively to all others.

{¶ 8} Appellant's total sentence was stated as "eight (8) years, eleven (11) months." The trial court noted on record appellant was to receive 283 days credit for the time served as of April 16, 2016. Prior to his plea, appellant moved the trial court to consider applying his confinement credit to the four-year, mandatory sentence imposed for the firearm specifications. However, the court denied the motion and sentenced appellant accordingly.

{¶ 9} The court journalized its judgment on April 15, 2016. Appellant notified of his intent to appeal on May 11, 2016, and now timely appeals.

**Standard of Review**

{¶ 10} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) That the sentence is otherwise contrary to law.

4.

*See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 11} In the sole assignment of error, appellant disputes his sentence arguing the court incorrectly denied his confinement credit from applying to his mandatory, one and three-year prison terms for firearm specifications. Appellee contends the plain language of R.C. 2929.14(B)(1)(b) requires the confinement credit not be applied to the mandatory terms.

{¶ 12} R.C. 2929.14(B)(1)(a)(ii) and (iii) state that if an offender who pleads guilty to a felony also pleads guilty to a firearm specification, the court shall impose on the offender a prison term of three or one-year terms of mandatory incarceration.

{¶ 13} Moreover, R.C. 2929.14(B)(1)(b) adds that, "[i]f a court imposes a prison term on an offender under division (B)(1)(a) of this section, the prison term shall not be reduced pursuant to * * * any other provision of Chapter 2967. * * * of the Revised Code."

{¶ 14} In *State v. Furrie*, the court reluctantly applied the plain language of R.C. 2929.14(B)(1)(b) in determining confinement credit did not apply to a mandatory prison term for a firearm specification. *See State v. Furrie*, 7th Dist. Mahoning No. 04 MA 23, 2004-Ohio-7068, ¶ 13. This issue was of first impression in Ohio. *Id.* at ¶ 7.

{¶ 15} In addressing the issue, the *Furrie* court stated, "[w]e are tempted to distinguish jail time credit from the other forms of sentence reduction listed in the statute and conclude that credit for time served is simply that - credit." *Id.* at ¶ 12. Nevertheless,

5.

the *Furrie* court followed with: "However, since the language in the statute explicitly states that no provision in Chapter 2967 of the Revised Code shall be applied to the mandatory prison term, we have no choice but to accept the arguments of the prosecution[.]" *Id.*

{¶ 16} R.C. 2929.01(FF) provides that, a "[s]tated prison term includes any credit received by the offender for time spent in jail awaiting trial, sentencing, or transfer to prison for the offense."

{¶ 17} Such credit to be received by the offender is "credit for dead time." *See State v. Webb*, 2d Dist. Montgomery No. 17676, 2000 Ohio App. LEXIS 210, *14 (Jan. 28, 2000).

{¶ 18} Granting credit for dead time is mandatory under the equal protection clause, which requires that all time spent in any jail prior to trial and commitment must be credited to an offender's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *Mallory v. State*, 31 Ohio Misc. 113, 281 N.E.2d 860 (C.P.1972); *White v. Gilligan*, 351 F. Supp. 1012 (S.D.Ohio 1972); *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972); *Williams v. Ill.*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

{¶ 19} For example, in *State v. Reichelderfer*, the court reversed a judgment which ordered a defendant to no credit for his dead time. *State v. Reichelderfer*, 2d Dist. Montgomery No. 17445, 1999 Ohio App. LEXIS 1905, *8 (Apr. 30, 1999). In doing so, the *Reichelderfer* court addressed the constitutionality of R.C. 2929.13(F)(1998), which

6.

prohibited, similarly to current R.C. 2929.14(B)(1)(b), "a sentencing court from reducing the term of a sentence it imposes for certain crimes, notwithstanding the provisions of R.C. Chapter 2967." *Id*. at *5.

{¶ 20} The *Reichelderfer* court found that although the plain language of then R.C. 2929.13(F) could be argued to bar dead time credit, "that would be of questionable constitutionality, in view of *White v. Gilligan* (S.D.Ohio 1972), 351 F. Supp. 1012." *Id*. at *6. Consequently, the court subscribed to the rationale that equal protection would disallow denying or negating any confinement credit which is rightfully due. *Id*.

{¶ 21} Consistent with *Reichelderfer*, the General Assembly thereafter amended R.C. 2929.13(F), to allow for dead time to be properly credited under R.C. 2967.191.

**Applying Exception for R.C. 2967.191 under R.C. 2929.14(B)(1)(b)**

{¶ 22} R.C. 2967.191 provides that, "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" *See also* Ohio Adm.Code 5120-2-04.

{¶ 23} To not violate equal protection, we find our court is required to ensure credit is fully given for all offenders' dead time, which is not to be reduced within a trial court's order, but is to be applied by the Department of Rehabilitation and Correction.

{¶ 24} In this determination, we also rely on the rationale of *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. The *Fugate* court reversed and applied dead

7.

time credit to all of an offender's concurrent terms because, the court declared, otherwise there would be denial of due credit in violation of equal protection. *Id*. at ¶ 12.

{¶ 25} In specific, the *Fugate* court stated that the overall objective of the directives for which dead time is to be calculated is: "to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Id*. at ¶ 11.

{¶ 26} Based on our view, *Fugate* supports the proposition that giving full credit to an offender may require applying dead time to a mandatory term when otherwise the potential length of the stated prison sentence is not accurately reflective of the time the offender's liberty was restrained. *See id*. at ¶ 22 ("To deny such credit would constitute a violation of the Equal Protection Clause.").

{¶ 27} Here, the record supports that if appellant is successful in seeking judicial release, there is risk the application of R.C. 2929.14(B)(1)(b) will improperly deny him credit for his dead time. Imposing such a sentence would be contrary to law in light of equal protection and *Fugate*.

{¶ 28} Accordingly, appellant's sole assignment of error is well-taken.

### Conclusion

{¶ 29} The judgment of the Erie County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. The trial court is ordered

8.

to modify its judgment entry to reflect that appellant's dead time is to be credited toward his mandatory prison term. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____
                                           JUDGE
Thomas J. Osowik, J.
CONCUR.                      _____
                                           JUDGE

James D. Jensen, P.J.,
DISSENTS.

**JENSEN, P.J.**

{¶ 30} I respectfully dissent from the majority decision for two reasons.

{¶ 31} First, the plain language of R.C. 2929.14(B)(1)(b) is clear and unambiguous. It requires that a mandatory prison term imposed for a firearms specification "shall not be reduced pursuant to * * * any other provision of Chapter 2967." Confinement credit is provided for in R.C. 2967.191. Accordingly, as the Seventh District did in *State v. Furrie*, 7th Dist. Mahoning No. 04 MA 23, 2004-Ohio-

9.

7068, ¶ 12, I would hold that confinement credit may not be applied to the mandatory prison terms imposed for the firearms specifications contained in Counts 2 and 7 of the indictment.

{¶ 32} Second, while the majority decision is premised on the conclusion that equal protection may be violated where confinement credit is not applied to a mandatory term of incarceration imposed for a firearms specification, Moore did not raise a constitutional challenge on appeal. I express no opinion as to the validity of the conclusion reached by my colleagues, but I believe it imprudent to pass upon the constitutionality of a statute where the appellant has asserted no constitutional challenge.

{¶ 33} Accordingly, I would affirm the trial court judgment.