[Cite as *State v. El-Amin*, 2018-Ohio-560.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 17AP-439 |
| Plaintiff-Appellee, | : | (C.P.C. No. 02CR-2710) |
| | | No. 17AP-440 |
| v. | : | (C.P.C. No. 02CR-289) |
| | | No. 17AP-441 |
| Abdul El-Amin, | : | (C.P.C. No. 04CR-5247) |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on February 13, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Abdul El-Amin*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1}  Defendant-appellant, Abdul El-Amin, appeals a decision entered by the Franklin County Court of Common Pleas on May 23, 2017 that denied his request for additional jail-time credit.[1]  Because we agree that El-Amin has already received the credit to which he is entitled, we affirm.

I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  A Franklin County Grand Jury indicted El-Amin in Franklin C.P. No. 02CR-289 for possession of cocaine on January 22, 2002.  (Jan. 22, 2002 Indictment No. 02CR-289.)  On February 4, 2002, he received a recognizance bond.  (Feb. 4, 2002 Recognizance Bond No. 02CR-289.)

{¶ 3}  Approximately three and one-half months later, El-Amin was indicted for aggravated murder.  (May 15, 2002 Indictment No. 02AP-2710.)  While jailed and awaiting

---

[1] Also known as "custody credit." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 1, fn. 1.

trial, on August 6, 2004, El-Amin was indicted for assault and abduction of a jail deputy. (Aug. 6, 2004 Indictment No. 04CR-5247; Jan. 25, 2005 Tr. at 12, filed Apr. 7, 2005 in case No. 02CR-2710.)

{¶ 4}   Following motions practice and investigation of the case, on January 25, 2005, El-Amin pled guilty to charges in all three cases and was sentenced.  (Jan. 26, 2005 Plea Form No. 02CR-289; Jan. 26, 2005 Plea Form No. 02CR-2710; Jan. 26, 2005 Plea Form No. 04CR-5247.)  Specifically, El-Amin pled guilty to one fifth-degree felony count of cocaine possession and a lesser-included offense of voluntary manslaughter with a three-year gun specification in case Nos. 02CR-289 and 02CR-2710, respectively.  (Jan. 26, 2005 Plea Form No. 02CR-289 at 1; Jan. 26, 2005 Plea Form No. 02CR-2710 at 1.)  He entered an *Alford*[2] plea to the charges of assault and abduction while he was jailed and awaiting trial in case No. 04CR-5247.  (Jan. 26, 2005 Plea Form No. 04CR-5247 at 1.)  The three plea forms he signed contained jointly recommended sentences that together would result in a 20-year sentence of incarceration at the Ohio Department of Rehabilitation and Correction.  The total recommended sentence was comprised of these consecutively served individual sentences: six months for the cocaine possession conviction in case No. 02CR-289, 13 years for voluntary manslaughter with gun specification in case No. 02CR-2710, and six and one-half years for assault and abduction in case No. 04CR-5247.  (Jan. 26, 2005 Plea Form No. 02CR-289 at 1; Jan. 26, 2005 Plea Form No. 02CR-2710 at 1; Jan. 26, 2005 Plea Form No. 04CR-5247 at 1.)  After El-Amin pled guilty, the trial court held a sentencing hearing and imposed the consecutive sentences as the parties had jointly recommended. (Jan. 26, 2005 Jgmt. Entry No. 02CR-289 at 1-2; Jan. 26, 2005 Jgmt. Entry No. 02CR-2710 at 1-2; Jan. 26, 2005 Jgmt. Entry No. 04CR-5247 at 2; Jan. 25, 2005 No. 02CR-289 Tr. at 18.)

{¶ 5}   During the sentencing hearing, the prosecution offered to the trial court that El-Amin should be credited 995 days in case No. 02CR-2710 for voluntary manslaughter with a gun, 10 days in No. 02CR-289 for cocaine possession, and zero days in No. 04CR-5247 for the jail assault and abduction.  (Jan. 25, 2005 No. 02CR-289 Tr. at 14.)  The defense neither objected to nor offered an alternative proposal to the State's jail-time credit computation and statement at any point in the trial court's proceedings.  The trial court

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

credited jail time according to the State's computation and allocated it among El-Amin's three sentences as proposed by the State. *Id.* at 18; Jan. 26, 2005 Jgmt. Entry No. 02CR-289 at 2; Jan. 26, 2005 Jgmt. Entry No. 02CR-2710 at 2; Jan. 26, 2005 Jgmt. Entry No. 04CR-5247 at 2.

{¶ 6}    Approximately 12 years later, on May 3, 2017, El-Amin filed a motion requesting an additional 985 days of jail-time credit in his cocaine possession case on the theory that he had been jailed awaiting trial on that case for the same amount of time that he had been jailed for the voluntary manslaughter case. The State opposed El-Amin's motion, pointing out that El-Amin's total prison sentence is comprised of consecutive sentencing for each of his three cases, and if he were given the same jail-time credit in two of the cases, he would be gaining credit to which he was not entitled—double credit for a single period spent in jail on multiple cases. (May 16, 2017 Memo. in Opp. at 2-3.) The State also argued El-Amin's motion was foreclosed by res judicata and not reviewable because of a mathematical error exception or the operation of a new version of R.C. 2929.19. (May 16, 2017 Memo. in Opp. at 3-9.) On May 23, the trial court declined to address the res judicata argument and denied El-Amin's motion on the merits stating "[t]he Court has reviewed Defendant's Motion and the case file, the Court finds the recounting of the facts are correctly presented by the State of Ohio." (May 23, 2017 Decision & Entry at 1.)

{¶ 7}    El-Amin now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 8}    El-Amin asserts a single assignment of error:

> The Court committed error in its calculation of defendant's jail time credit for two cases whereby he was held in confinement in lieu of bail awaiting trial, however, defendant was not given the full jail time credit of 995 days and only given ten (10) days of jail time credit, thus, creating disparity within the jail time credit awarded to the defendant.

## III. DISCUSSION

{¶ 9}    El-Amin argues he was jailed for both the cocaine possession and voluntary manslaughter (case Nos. 02CR-289 and 02CR-2710) at the same time for a period of 995 days. (El-Amin Brief at iv-1.) He was given the full 995 days on case No. 02CR-2710 for voluntary manslaughter and 10 days on No. 02CR-289 for cocaine possession. (Jan. 25,

2005 No. 02CR-289 Tr. at 18; Jan. 26, 2005 Jgmt. Entry No. 02CR-289 at 2; Jan. 26, 2005 Jgmt. Entry No. 02CR-2710 at 2.)  He argues that he is owed an additional 985 days in the cocaine possession case No. 02CR-289.  (El-Amin Brief at 6.)

{¶ 10}  Both the United States Supreme Court and the Supreme Court of Ohio have recognized that the Equal Protection Clause does not permit disparate treatment of defendants based solely on their economic status.  *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7, citing *Tate v. Short*, 401 U.S. 395 (1971); *Williams v. Illinois*, 399 U.S. 235 (1970); *Griffin v. Illinois*, 351 U.S. 12 (1956).  Among other consequences, this principle means the Equal Protection Clause requires that "*all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence."  (Emphasis sic.) *Fugate* at ¶ 7, citing *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972); *White v. Gilligan*, 351 F.Supp. 1012 (S.D.Ohio 1972); *see also* R.C. 2967.191.

{¶ 11}  Thus, when a prisoner is sentenced to concurrent terms, having spent a period of time in jail awaiting trial, in order for his time in jail to effectively reduce his total sentence as required by the Equal Protection Clause and R.C. 2967.191, such jail-time credit must be deducted from each of his sentences. Ohio Adm.Code 5120-2-04(F).  Otherwise, jail-time credit might not affect the overall length of an offender's term of imprisonment. For example, if a person sentenced to two concurrent terms of five years received 300 days of credit but that credit were only applied to one sentence, the offender would still serve the entire five years.  For such an offender to receive the benefit of the 300 days, the 300 days would have to be credited against both concurrent five-year sentences.  As the Supreme Court of Ohio recognized:

> [W]hen a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause.

*Fugate* at ¶ 22.

{¶ 12}  Conversely, when a prisoner who has been jailed while awaiting trial is sentenced to consecutive terms, credit for jail time will properly reduce his total sentence

when the credit is applied just once to the total aggregate sentence.  Ohio Adm.Code 5120-2 -04(G).  As the Supreme Court put it:

> When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence.

*Fugate* at ¶ 22.  For example, if a person sentenced to two consecutive terms of five years received 300 days of credit, that credit would be fully applied if applied once to the ten-year aggregate sentence.  If applied to each of the five-year sentences (which is the result that El-Amin argues for), the consequence would be a 600-day reduction of the total which would, in effect, give the person double credit for time spent in jail awaiting trial.  Neither the laws of Ohio nor the Constitution requires what is tantamount to a windfall.

{¶ 13}  In this case, El-Amin initially spent some period of time in jail on the cocaine possession case, No. 02CR-289, before he was released on a recognizance bond.  (Jan. 22, 2002 Indictment No. 02CR-289; Feb. 4, 2002 Recognizance Bond No. 02CR-289.)  The trial court found this period of time was ten days and El-Amin has not objected to this determination.  (Jan. 25, 2005 No. 02CR-289 Tr. at 18.)  El-Amin also spent a significant period of time in jail between when he was arrested following the shooting at issue in case No. 02CR-2710 and when he was transferred to the Ohio Department of Rehabilitation and Correction following sentencing on January 25, 2005.  *Id.*; May 15, 2002 Indictment No. 02CR-2710; Jan. 26, 2005 Jgmt. Entry No. 02CR-2710.  The trial court found this period of time was 995 days; El-Amin has not objected to this finding. (Jan. 25, 2005 No. 02CR-289 Tr. at 18.)  During most of the 995-day period for the shooting case, El-Amin's bond also was revoked in his cocaine possession case. *See* May 14, 2002 Capias Served No. 02CR-289 (reflecting service on May 10 in the Franklin County Jail); May 9, 2002 Bond Forfeiture Order No. 02CR-289. El-Amin is correct that for most of the 995 days he was held in jail on both of these two cases.

{¶ 14} If the parties had recommended and the trial court sentenced El-Amin to serve these two sentences *concurrently*, the trial court would have been required to give credit in both cases.  Because the sentences in El-Amin's cases were sentenced consecutively, the trial court was not required to apply the 995 days more than once to the aggregate sentence.  The trial court effectively applied the necessary credit to reduce the

entire sentence by the full measure of time El-Amin spent in jail awaiting disposition of the cases.  Equal Protection Clause requires no more or less.

{¶ 15}  We overrule El-Amin's sole assignment of error.

## IV.  CONCLUSION

{¶ 16}  Because El-Amin is serving consecutive rather than concurrent sentences, credit for the time he spent in jail was properly applied just once to his aggregate sentence. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and HORTON, JJ., concur.

———————————